153 So. 644

# UNION BANK & TRUST CO. v. PHELPS.
## 3 Div. 98.

Supreme Court of Alabama.
March 15, 1934.

John S. Coleman and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen,, and Frontis H. Moore, Asst. Atty. Gen., for appellee.

THOMAS, Justice.

The appellant having paid under protest to the tax collector of Montgomery county the tax assessed against the shares of its capital stock for the tax year 1931–1932, brought this suit to recover the amount so paid to said official.

It is the contention of appellant that it was relieved and exempted from the payment of the ad valorem tax assessed against the shares of its capital stock for the 1931–1932 tax by an act of the Legislature, approved October 22, 1932, entitled:

"An Act to provide for the levy, assessment, payment and collection of an excise tax for the privilege of engaging in the State of Alabama in the business of banking and of conducting a financial business employing moneyed capital coming into competition with the business of national banks, to provide for the making of return for assessment of said tax, to prescribe the rate of such tax and the privileges and exemptions secured by its payment, to provide for the distribution of the proceeds of such tax to the State and to the several counties and municipalities of the State, penalties for failure to make such returns and for failure to pay said tax, and to exempt moneyed capital so employed and shares of corporations and associations which return and pay said excise tax from ad valorem taxation." Acts of Legislature, Extra Session 1932, page 107.

Section 6 of said act reads:

"Ad valorem exemptions and credits. All moneyed capital employed in the business the privilege of engaging in which is hereby taxed, and the shares of all financial institutions, as in this Act defined, shall be exempted from assessment and payment of ad valorem taxes, including those for the current tax year 1931–1932, except the moneyed capital and shares of any business hereby taxed which fails to make and file the returns required by this Act and to pay the tax levied by this Act as and when in this Act provided. The real estate owned by every such financial institution shall not be exempted. If any other tax whether on property (other than ad valorem taxes on real estate), income, business or any element thereof, except license taxes not in excess of those heretofore legally levied and in effect, be levied by this State or by any political subdivision of this State on any financial institution as in this Act defined, the amount of such other tax due by such institution shall be credited on account of the tax payable pursuant to the provisions of this Act."

The contention of the appellee is that the said tax so assessed against the shares of appellant's capital stock had become a fixed liability against the appellant, in favor of the state, and that it was not within legislative competency to exempt the appellant from the payment of said tax; and that the legislation, as expressed in section 6 of the above-mentioned act, was abortive.

The only question here presented is, whether it was within legislative competency to exempt the appellant, bank, from the payment of the ad valorem tax on its shares, which by the law was taxable for the year 1931–1932. The solution of this question depends upon the proper interpretation and application of section 100 of the state Constitution. That it was the legislative purpose to do so, we are constrained to admit. That the Legislature is all powerful in such matters, except when prohibited by the Constitution, we readily concede.

Section 100 of the Constitution of this state reads: "No obligation or liability of any person, association, or corporation held or owned by this state, or by any county or other municipality thereof, shall ever be remitted, released, or postponed, or in any way diminished, by the legislature; nor shall such liability or obligation be extinguished except by payment thereof; nor shall such liability or obligation be exchanged or transferred except upon payment of its face value; provided, that this section shall not prevent the legislature from providing by general law for the compromise of doubtful claims."

It will be noted that this provision is new to the Constitution and became a part of our organic law with the adoption of the Constitution of 1901. This section was borrowed, body and soul, from the Constitution of Mississippi. And a singular coincidence is, that the Mississippi provision is numbered section 100, just as ours is numbered section 100.

In construing this provision of the Constitution of Mississippi, the Supreme Court of that state, at its December term, 1897, held that taxes are a liability, within the meaning of section 100 of the Constitution; and could not be remitted or released after they had accrued. Morris Ice Co. v. Wirt Adams, State Revenue Agent, 75 Miss. 410–415, 22 So. 944.

It is a familiar rule of construction, that, when a statute, or constitutional provision, is borrowed from another state, the settled interpretation and construction placed thereon by the court of its nativity, before it is enacted into law here, will ordinarily be applied by the courts here, since it is presumed that our lawmakers were familiar with that construction, and adopted the statute in that sense. Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 So. 530; Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787; Ex parte Sloss-

Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458. Of course, we do not mean to hold that the doctrine "of presumed adoption" is at all events conclusive, but is persuasive. Alabama Fuel & Iron Co. v. Denson, 208 Ala. 337, 94 So. 311.

This court, in an opinion by Mr. Justice Stone, in the case of Perry County v. Selma, Marion & Memphis R. R. Co., 58 Ala. 546, quoted with approval the following statement from Burroughs on Taxation, with respect to the legal liability of a taxpayer, and as to whether such liability may be enforced by an action at common law: "Taxes are a political necessity. If the law raises a promise to pay, that one of its citizens may not obtain the services or goods of another without compensation, surely it will raise it that the State may exist. The tax is a personal charge against the citizen, notwithstanding a lien upon the property may be given by statute for its payment." The opinion of Justice Stone then concludes: "These principles are well justified by adjudged cases.—See Savings Bank v. U. S., 19 Wall. 227, 22 L. Ed. 80; Meredith v. U. S., 13 Pet. 486, 10 L. Ed. 258; U. S. v. Lyman, 1 Mason, 482, Fed. Cas. No. 15,647; City of Dubuque v. Ill. Cent. R. R. Co., 39 Iowa, 56. * * *" And continuing the learned justice observed:

"We think it may be affirmed as the result of the foregoing, and a large preponderance of authorities, that taxes levied and assessed become a legal liability on the tax-payer, that may be enforced by an action at common law, unless the statute gives a remedy that is, in its nature, exclusive. But it is probably enough in this case to maintain the proposition, that levy and assessment of taxes *create a legal liability* on the tax-payer to pay." (Italics supplied.)

■ We hold, therefore, that taxes accrued to the state are an obligation or liability of the taxpayer, within the meaning and purview of section 100 of the Constitution of Alabama, and, as such, cannot be remitted, released, or postponed, or in any way diminished by the Legislature, nor can such an obligation or liability be extinguished except by payment.

■ The next question to be determined is, Had the ad valorem tax on the shares of appellant corporation accrued to the state at the time the Legislature undertook, by the Act of 1932 above referred to, to exempt it from the payment?

Tax on the shares of appellant corporation attempted to be released or remitted was for the tax year 1932, and which was assessable as of October 1, 1931. This tax became due and payable on October 1, 1932, but, by legislative grace, the taxpayer was given until January 1, 1933, to pay the same. The tax had been levied and assessed, and therefore became a fixed and ascertained amount due from the taxpayer to the state.

The tax may be said to accrue when it is due and payable. State v. Youngstown Mining Co., 219 Ala. 178, 121 So. 550; Hertz v. Woodman, 218 U. S. 205, 30 S. Ct. 621, 54 L. Ed. 1001–1008.

This court has held that the tax year commences on October the first, and ends on September the thirtieth, and taxes are due and payable on the first day of October of each year. State v. Doster-Northington Drug Co., 196 Ala. 447, 71 So. 427.

It appears that there was an ad valorem tax levied and assessed against the shares of the capital stock of appellant for the tax year 1931–1932, in the sum of $2,100.70, and that this sum had been paid by appellant to the tax collector of Montgomery, and that the payment was made under protest.

■ When the state through its duly constituted officers exercised the final power of assessment and valuation of appellant's property, the determination was in its nature judicial, and, unless this final determination was impeached for fraud or lack of jurisdiction, or reviewed by appellate authority, it was and is final, fixing the amount of the liability of appellant for said tax, and this liability as so ascertained and fixed became due and payable on October 1st, 1932. State Tax Commission v. Bailey et al., 179 Ala. 620, 60 So. 913; Anniston City Land Co. v. State, 185 Ala. 482, 487, 64 So. 110; 37 Cyc. 1071; State v. Doster-Northington Drug Co., supra; State ex rel. Tallapoosa County v. Butler, State Tax Com'r, 227 Ala. 212, 149 So. 101.

■ We, therefore, are at the conclusion that the attempt on the part of the Legislature to release or remit the tax due and owing to the state as ad valorem tax on the shares of the capital stock of appellant was in direct contravention of the provisions of section 100 of the Constitution of Alabama, and was therefore abortive.

■ The appellant owed, and was liable to the state and county for the ad valorem tax on its shares for the tax year 1931–1932, and the same could not be lessened or diminished by the amount of the excise tax levied and assessed by the state tax commission.

It follows, therefore, that the court below properly entered judgment in favor of the defendant, and its judgment is here affirmed.

Affirmed.

All the Justices concur.