174 So. 491

**HENDERSON et al. v. SIMMONS.**

4 Div. 920.

Supreme Court of Alabama.

April 8, 1937.

Rehearing Denied June 3, 1937.

[1] Post, p. 335.

Simmons & Simmons, of Opp, for appellee.

A. G. Seay, of Troy, for appellants.

KNIGHT, Justice.

Statutory ejectment brought by C. W. Simmons, as administrator de bonis non of the estate of J. E. Henderson, deceased, against Fred Henderson et al., to recover certain lands in Geneva county, Ala.

The defendants pleaded the general issue, and coupled therewith a suggestion that they claimed and defended under a tax title, giving date of sale and date of their tax deed. This was done to comply with the provisions of section 3102 of the Code.

The cause was tried by the court without a jury and resulted in a judgment for the plaintiff for the lands sued for, however the court proceeded, as it was authorized to do, to ascertain and fix by its judgment the amount of taxes, interest, and cost for which the plaintiff was liable to defendants, by reason of taxes paid by defendants on said land.

From this judgment, the defendants have prosecuted the present suit, and they here insist that the judgment of the circuit court was and is erroneous in two particulars: First, in holding that the tax deed executed to them on the sale of the property was void; and, second, in that the court failed to allow them for taxes paid after this foreclosure, for the tax years 1934 and 1935, and also for the taxes that they had assumed to pay on said property for the year 1936.

The property was sold for nonpayment of taxes assessed for the year 1931. The record shows that the assessment was made against the estate of J. E. Henderson,

then dead, and it was under this assessment that the court ordered the lands sold, and at which sale the defendants became the purchasers.

■■■ A valid assessment of the property is indispensable to give the probate court jurisdiction to declare a lien and decree a sale for the unpaid taxes. Lands cannot be assessed for taxation as the property of a deceased owner, or of his estate, and a sale founded on such an assessment is void, a mere nullity, and a purchaser at such a sale acquires no title. Jackson v. King, 82 Ala. 432, 3 So. 232; Scott v. Brown, 106 Ala. 604, 17 So. 731.

■ Again, it nowhere appears that the tax collector reported to the probate court that he was unable to collect the taxes assessed against said lands without a sale of it. This was also fatal to the validity of the tax deed under which defendants asserted title to the land.

For either of the above pointed out defects the tax sale was void, and the deed executed to the defendants by the probate judge of Geneva county conferred no title upon them.

The plaintiff was entitled to judgment for the lands sued for, and in this respect there is no error in the judgment rendered, and in this particular the judgment is affirmed.

■ The court also properly decreed that the defendants were entitled to recover, as for taxes paid by them on said lands, with interest thereon, the following items: (a) The amount paid by them in the purchase of the property at tax sale, representing the taxes then due and delinquent, the interest thereon at the rate prescribed by the statute and costs, less the $47 paid to defendants in redemption of certain lots included in the sale; (b) taxes for years 1932 and 1933 and interest thereon.

However, the court committed error in not allowing the defendants the amounts expended by them in paying the taxes assessed against said lands for the tax years 1934 and 1935; and also in not allowing the defendants the taxes assessed against said property, and assumed by the defendants for the tax year 1936.

Just what views the lower court entertained with reference to the taxes assessed against said lands for the tax years 1934, 1935, and 1936, or what led him to refuse to include said taxes in the judgment rendered, we have no way of knowing, but it is here argued by appellee, in support of the court's ruling, that, inasmuch as the property for said years was not separately assessed from other property of defendants, but an aggregate value was placed on the entire acreage, including the lands in question, there was no way for the court to arrive at the amount of the taxes levied against this particular land. That, therefore, the court was justified in declining to include in the judgment any amount to cover the taxes paid, or assumed by the purchasers-defendants, on said property for said tax years 1934, 1935, and 1936.

The evidence shows that the rate of taxation during all of said years, 1931 to 1936, both inclusive, was $2.10 for each $100 of taxable value.

It is also fairly inferable from the tax sheets for the years 1933, 1934, 1935, and 1936, that the tax valuation of the lands in question was placed at $10,000 and $125 for the frame building on said property, thus making the total valuation during each of said years $10,125.

The court allowed defendants the taxes paid for 1931, 1932, and 1933, but disallowed the same for the years 1934, 1935, and 1936. For the error in refusing to allow the defendants for taxes paid, and assumed, for said years 1934, 1935, and 1936, based on the above valuation, the cause will be reversed, with directions to allow the defendants for said items of taxes, and the interest thereon, based on the above valuations.

The evidence shows without dispute that the defendants had paid the taxes on said property for the tax years 1931, 1932, 1933, 1934, and 1935. While the evidence shows that the defendants had not paid the taxes on said property for the year 1936, it does show that they had duly assessed the same and thereby became personally liable for the payment of the tax. In such a situation, they would be entitled to recover the amount of such tax, unless the plaintiffs paid the tax when due, thus exonerating the defendants from their assumed liability therefor.

■■ Taxes levied and assessed become a legal liability on the taxpayer, and for recovery of same an action at common law may be maintained, unless the statute gives a remedy that is, in its nature, exclusive. Perry County et al. v. Railroad Company

et al., 58 Ala. 546; State v. Alabama Educational Foundation, 231 Ala. 11, 163 So. 527; Union Bank & Trust Co. v. Phelps, 228 Ala. 236, 153 So. 644. And one who has assessed property for taxation, and permits the assessment to stand, is estopped from denying liability for the taxes then assessed. Rodgers v. Gaines, 73 Ala. 218; 61 C.J. 176.

The defendants having assessed the property for taxation for the year 1936, and permitting the assessment to stand, became personally liable therefor, and would be entitled, under the provisions of section 3102, to recover the tax in this case, unless, as above stated, the plaintiffs have in the meantime paid the same.

It follows from the foregoing that the judgment of the circuit court is in part affirmed, and reversed in the particulars above indicated, with directions to allow the defendants for the taxes paid by them on the lands for the tax years 1934 and 1935, and the interest thereon, and also for the taxes for the year 1936, unless same have been paid by the plaintiffs.

Affirmed in part, and in part reversed and remanded, with directions.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.