181 So. 795

### CITY OF MOBILE v. COFFIN.

#### 1 Div. 310.

Court of Appeals of Alabama.

June 7, 1938.

Harry Seale, of Mobile, for appellant.

244

Harry T. Smith & Caffey, of Mobile, for appellee.

RICE, Judge.

The City of Mobile passed a licensing ordinance on January 5, 1937 which contained a provision for prosecutions for non-payment of the license fixed. In November 1937 Frank Coffin was arrested under a complaint charging that he had practiced law in the City of Mobile without paying the license fixed in the licensing ordinance, and he was tried and convicted in the Recorder's Court.

Immediately thereafter he appealed from the Recorder's Court to the Circuit Court of Mobile County, Alabama.

In January 1938 Frank Coffin filed a motion in the Circuit Court to dismiss or quash the proceedings against him, in which motion he set out in varying language and in several grounds that an ordinance had been adopted by the City of Mobile on December 14, 1937, reducing the amount of licenses required of lawyers by one-half, and that this ordinance contained no saving clause as to pending prosecutions, and consequently that the prosecution against Coffin had been abated by the adoption of this ordinance of December 14, 1937.

Section 100 of the Constitution of Alabama of 1901 contains the following, to-wit:

"No obligation or liability of any person, association, or corporation held or owned by this state, or by any county or other municipality thereof, shall ever be remitted, released, or postponed, or in any way diminished, by the legislature; nor shall such liability or obligation be extinguished except by payment thereof."

Our Supreme Court, in the case of New Farley National Bank v. Montgomery County, 203 Ala. 654, 84 So. 815, held that the provisions of Section 100 of the Constitution to the effect that no obligation of any person, association or corporation held or owned by any county shall be extinguished except by payment operates directly upon county and municipal officers as well as upon the Legislature, and that interest which had already accrued could not be reduced or diminished.

In the case of Union Bank & Trust Co. v. Phelps, 228 Ala. 236, 153 So. 644, the Supreme Court held that a tax levied on stock in a corporation could not be remitted, released, lessened or diminished, in which case the court used the following language (page 646):

" 'We think it may be affirmed as the result of the foregoing, and a large preponderance of authorities, that taxes levied and assessed become a legal liability on the tax-payer, that may be enforced by an action at common law, unless the statute gives a remedy that is, in its nature, exclusive. But it is probably enough in this case to maintain the proposition, that levy and assessment of taxes *create a legal liability* on the tax-payer to pay.' (Italics supplied).

"We hold, therefore, that taxes accrued to the state are an obligation or liability of the taxpayer, within the meaning and purview of section 100 of the Constitution of Alabama, and, as such, cannot be remitted, released, or postponed, or in any way diminished by the Legislature; nor can such an obligation or liability be extinguished except by payment."

Under the above constitutional provision, and the foregoing authorities, we think it clear that the ordinance of the City of Mobile dated January 5, 1937 fixed a certain liability or obligation on Frank Coffin to the City of Mobile, and that there was no way to extinguish such liability or obligation, as stated in this constitutional provision, "except by payment thereof." Certainly no ordinance adopted on December 14, 1937 could reduce, release, or diminish the liability or obligation fixed on January 5, 1937, without doing violence to the very words of this provision of our organic law.

Surely, it seems to us, if a Board of Revenue or other governing body of a

County could not release, remit or diminish interest, and the Legislature could not lessen or diminish a tax on corporate stock, the governing body of a city cannot exercise authority to diminish or lessen or release this liability which was fixed by legal ordinance on January 5, 1937, as against Frank Coffin—it not being controverted that Frank Coffin practiced law in the City of Mobile throughout the entire year of 1937.

There can be no question but that the City of Mobile could have maintained an action against Frank Coffin to recover the license he was due at any time between January 5, 1937, and December 14, 1937, because the obligation or liability to pay this license was fixed, and subsisted, and nothing which was done could affect this obligation or liability legally imposed on him.

Then if the Constitution inhibits the City Commissioners from remitting, releasing, postponing or diminishing such liability or obligation to the City of Mobile, any ordinance which might be passed to accomplish any of these purposes would be right in the teeth of this Constitutional provision, and would be invalid, and therefore could not be held to affect a pending prosecution for a violation of the original ordinance. Consequently, the original ordinance of January 5, 1937 as to defendant's liability or obligation, is still in full force and effect, and the prosecution against defendant is unaffected by the ordinance of December 14, 1937.

If the ordinance of December 14, 1937 should be construed in accordance with the views asserted by appellee—that it remitted, released or reduced the amount of license due by appellee, and that the pending prosecution was abated thereby—then clearly this last ordinance would impinge on Section 100 of the Constitution.

However, it is our duty not to strike down an ordinance if it can be given a field of operation without clashing with the Constitution. Therefore, we are constrained to hold that the ordinance of December 14, 1937 can be given a prospective operation so as to make it apply only subsequent to its effective date; and that it will not affect then existing obligations to the City of Mobile, or pending prosecutions. This construction, which is adopted by us, will allow this ordinance to stand.

Consequently, under any and all of the grounds of the motion filed by Frank Coffin in the Circuit Court of Mobile County, he was not entitled to prevail upon said motion—whether said facts set out in said motion were true or not.

The above being true, the trial court improperly quashed and dismissed the prosecution against defendant Coffin. The order or judgment doing so is hereby reversed, and said motion is here overruled.

The cause is remanded to the lower court for further proceedings not inconsistent with this opinion.

Reversed, rendered, and remanded.