**GAYLE et al. v. EDWARDS.**

3 Div. 659.

Supreme Court of Alabama.

May 20, 1954.

Walter J. Knabe, Montgomery, for appellants.

Hill & Robison, Montgomery, for appellee.

LIVINGSTON, Chief Justice.

The appeal is from a judgment of the Circuit Court of Montgomery County, Alabama, granting a peremptory writ of mandamus directing the Board of Commissioners of the City of Montgomery, Alabama, as the governing body of Montgomery, to order the payment of $1,155 from the general fund of the City of Montgomery to Bernice Owen McKinney Edwards, plaintiff-appellee.

Prior to January 12, 1951, appellee was the wife of Curtis D. McKinney, an employee of the Fire Department of the City of Montgomery. During the night of said date, McKinney was killed as a result of injuries received in the performance of his official duties.

On July 17, 1951, Act No. 233 of the Legislature of Alabama received approval and became a law. That act, now Tit. 62, § 528(3), Cum. Pocket Part, Code of Alabama 1940, was passed under the following title:

"Relating to cities having populations of not less than 57,000 nor more than 127,000 inhabitants: To provide for the payment of benefits to employees of any such city who are totally disabled as the result of injuries received in the performance of their official duties and to the surviving dependents of employees of such city who are killed in the performance of their official duties."

Section 7, within the body of the enactment, states:

"The provisions of this Act shall be retroactive to January 1, 1951."

Appellee remarried on December 1, 1951. Here, however, she claims the sum of $1,155 due under the terms of Tit. 62, § 528(3), supra, for the complete period of her widowhood.

Defendants' demurrer to the petition was overruled. Among other grounds assigned, the demurrer stated that said act is unconstitutional insofar as it is retroactive, inasmuch as the retroactive feature is not contained in the title. In short, appellants claim that any application of the retroactive feature of Act No. 233, supra, must necessarily contravene Art. 4, § 45, Constitution of Alabama 1901.

Art. 4, § 45, supra, in pertinent part, states:

"Each law shall contain but one subject, which shall be clearly expressed in its title, * * *."

█ The three purposes of the constitutional requirement must be borne steadily in mind. As stated in Lindsay v. United States Savings & Loan Ass'n, 120 Ala. 156, 24 So. 171, 176, 42 L.R.A. 783, and Cooley, Const.Lim., 172, 6th Ed., they are as follows:

" 'First, *to prevent "hodgepodge" or "logrolling" legislation;* second, *to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles give no intimation, and which might therefore be overlooked, and carelessly and unintentionally adopted;* and, third, *to fairly apprise the people,* through such publication of legislative proceedings as is usually made, *of the subjects of legislation* that are *being considered,* in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they shall so desire.' " (Emphasis added.)

█ Unless a law is contrary to some provision of the Constitution, the mere fact that it contains a retroactive feature does not render it invalid. Leahart v. Deedmeyer, 158 Ala. 295, 48 So. 371. In this case, however, our examination of the authorities leads us to the conclusion that appellants' contention must be sustained.

█ This court, speaking through Chief Justice Brickell, stated the following in Lindsay v. United States Savings & Loan Ass'n, supra:

"But, when it is proposed by an act like the present to deal with existing contracts and liabilities, there should be in the title some expression of that intention,—some indication that such is the intent, or the purposes of the constitutional requirement are not satisfied. *The law-making body, and the community at large, recognize and repose with confidence upon the idea that prospective laws—the future, and not the past—are the ordinary, usual field and scope of legislation. If there are no words in the title fairly, reasonably indicating that the act is retrospective, —that it is exceptional,—'surprise or fraud upon the legislature' cannot be prevented.* Nor will the people be apprised, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, affording them opportunity of being heard thereon, if they desire, by petition or otherwise. The usual publication of the subjects of legislative consideration, during the sitting of the General Assembly, is an announcement of the titles of bills introduced, or memoranda of other matters, generally brief. It is to this publication the community at large look for information, and to the great body of the people it is the only accessible source of information. Let the title be read, and what words employed will indicate, fairly and reasonably construed, that restrospective legislation is embodied in the act,—that it was intended to cure or heal the infirmities of the past transactions of these associations? It would defeat all the purposes of the requirement of the constitution, that the 'subject shall be expressed in the title.' We are not sitting in judgment to control the legislature in respect to the form or mode in which titles of enactments shall be expressed. Much must be left to legislative discretion, with which there cannot be judicial interference. *But, if a title does not fairly and reasonably express the subject of the act,—if it be misleading and deceptive,—the constitution compels its condemnation,* and such, in our judgment, is the character of this title, in so far as the past transactions of the associations are attempted to be legalized." (Emphasis added.)

█ Inasmuch as we are of the opinion that Act No. 233, supra, is retroactive in operation, we conclude that the above-quoted language of Chief Justice Brickell is determinative of this case. Clear enough, the retroactive feature of the act is not clearly expressed in the title, or even suggested. Insofar as the retroactive feature of Act No. 233 is concerned, the act is unconstitutional and void. See Opinion of the Jus-

tices, 247 Ala. 195, 23 So.2d 505. Whether the act violates other provisions of the Constitution is not necessary to decide.

Reversed and remanded.

LAWSON, STAKELY and MERRILL, JJ., concur.