382 So.2d 501 (1980)
ALABAMA EDUCATION ASSOCIATION et al.
v.
Claude H. GRAYSON et al.
No. 78-232.
Supreme Court of Alabama.
February 8, 1980.
Rehearing Denied April 4, 1980.
*502 Truman M. Hobbs and Robert D. Segall of Hobbs, Copeland, Franco & Screws, Montgomery, for appellants.
James R. Seale of Capell, Howard, Knabe & Cobbs, Montgomery, for intervening defendants.
TORBERT, Chief Justice.
This is an appeal from the judgment of the Circuit Court of Montgomery County upholding the constitutionality of Act No. 594, Acts of Alabama, 1977, under challenges alleging that the Act violates §§ 45 and 100 of the Constitution of Alabama of 1901. We affirm.
The title and pertinent portions of that Act provide:
To allow individual taxpayers as a state income tax deduction for the taxable year an amount equal to the aggregate of the net operating loss carryover to such year, plus the net operating loss carrybacks to such year.
Title, Act No. 594, Acts of Alabama, 1977.
(A) A net operating loss for any taxable year ending after December 31, 1974, and before January, 1976, shall be a net operating loss carryback to the tax year preceding the taxable year of such loss. A net operating loss for any taxable year ending after December 31, 1975, and before January 1, 1977, shall be a net operating loss carryback to each of the two taxable years preceding the taxable year of such loss. A net operating loss for any taxable year ending after December 31, 1976, shall be a net operating loss carryback to each of the three taxable years preceding the taxable year of such loss.
(B) A net operating loss for any taxable year ending after December 31, 1976, shall be a net operating loss carryover to each of the five (5) taxable years following the taxable year of such loss.
Act No. 594, Acts of Alabama, 1977, § 1(b)(1)(A) and (B).
(2) Amount of Carrybacks and Carryovers.The entire amount of the net operating loss for any taxable year (hereinafter referred to as the "loss year"), shall be carried to the earliest of the taxable years to which (by reason of paragraph (1)) such loss may be carried. The portion *503 of such loss which shall be carried to each of the other taxable years shall be the excess, if any, of the amount of such loss over the sum of the taxable income for each of the prior taxable years to which such loss may be carried.
Act No. 594, Acts of Alabama, 1977, § 1(b)(2).

ISSUE NUMBER I
Whether the Act is unconstitutional under § 100 of the Constitution of Alabama of 1901 because the Act operates to release a fixed obligation.
The Constitution of Alabama of 1901, provides in Art. IV at § 100:
No obligation or liability of any person, association, or corporation held or owned by this state, or by any county or other municipality thereof, shall ever be remitted, released, or postponed, or in any way diminished, by the legislature; nor shall such liability or obligation be extinguished except by payment thereof; nor shall such liability or obligation be exchanged or transferred except upon payment of its face value; provided, that this section shall not prevent the legislature from providing by general law for the compromise of doubtful claims.
Constitution of Alabama of 1901, Art. IV, § 100.
The appellant argues that the three-year carryback provisions of the Act operate to release an obligation. It is clear that § 100 of the Constitution has no application to conditional obligations, but proscribes only the release of fixed obligations.
We do not think that section 100 of the Constitution prevents such relief. Whatever liability to the State existed after October 20 for the penalty it was subject to the condition that it might be made ineffectual by virtue of the very statute which created it. It was a conditional liability, and this appeal is to try the question of the existence of the condition therein provided. Section 100 of the Constitution does not serve to make a liability absolute when by its creation it is conditional.

State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 635, 11 So.2d 342, 347-348 (1943) (emphasis added).
Thus, the resolution of Issue Number I turns on when the tax obligation becomes fixed. In Union Bank and Trust Co. v. Phelps, 228 Ala. 236, 153 So. 644 (1934), this Court held:
We think it may be affirmed as the result of the foregoing, and a large preponderance of authorities, that taxes levied and assessed become a legal liability on the tax-payer, that may be enforced by an action at common law, unless the statute gives a remedy that is, in its nature, exclusive. But it is probably enough in this case to maintain the proposition, that levy and assessment of taxes create a legal liability on the tax-payer to pay. [Italics omitted.]
We hold, therefore, that taxes accrued to the state are an obligation or liability of the taxpayer, within the meaning and purview of section 100 of the Constitution of Alabama, and, as such, cannot be remitted, released, or postponed, or in any way diminished by the Legislature, nor can such an obligation or liability be extinguished except by payment.
228 Ala. at 238, 153 So. at 646 (emphasis added).
That same holding, that the income tax obligation becomes fixed when assessed, was reiterated by this Court in State v. Woodroff, 253 Ala. 620 at 631, 46 So.2d 553, 563 (1950), in the following language: "The final assessment not appealed from is as conclusive as the judgment of an ordinary court."
It is the levy and assessment of the tax which create a fixed legal liability on the taxpayer and not the conditional self-assessed tax return filed annually by taxpayers. This position is supported by the manner in which our Code defines "assessment."
The income tax provided for in this chapter shall be assessed and fixed as hereinafter provided by the department of revenue and upon blanks in the form *504 to be prescribed by the department of revenue. The amount shown to be due by the taxpayer's return shall constitute and create a prima facie liability for such amount on which taxes shall be paid as herein provided. "Assessment" or "assessed" herein used shall refer to and mean the final determination of the amount found to be due by the department of revenue.

Code 1975, § 40-18-40 (emphasis added).
Section 40-18-40 provides that the taxpayer's return is conditional and it is the Department of Revenue that makes the final assessment.
Where the Department of Revenue determines that the amount due is different from that shown by the taxpayer's return, notice of such different amount shall be given to the taxpayer by certified or registered mail, return receipt requested, giving the taxpayer notice of the amount so fixed, and the department of revenue shall fix a day, not less than 15 days from date of such notice, for hearing any protest of a taxpayer. . . . Upon hearing such protest or if the taxpayer fails to appear on the day set the department of revenue shall finally fix, determine and assess the amount of tax due and notify the taxpayer thereof by certified or registered mail.
Code, 1975 § 40-18-40.
The 1975 Code also provides that each return filed by the taxpayer is not finally fixed or assessed but remains "open" or contingent for a period of three years.
(a) General rule.The amount of income taxes imposed by this title shall be assessed within three years after the return was filed, and no proceedings in court, without assessment, for the collection of such taxes shall be begun after the expiration of such period; provided, that the state department of revenue may, at any time within five years from the date of the filing of an income tax return with the State of Alabama, assess and institute proceedings for the collection of the income taxes so imposed, if the taxpayer omits from the gross income reported on said tax return, as defined in section 40-18-14, an amount which is in excess of 25 percent of the amount of gross income so reported in said return.
Code 1975, § 40-18-45(a) (emphasis added).
Thus, the three-year carryback provision (which has long been a part of the federal income tax law) does not diminish an obligation of the taxpayer because that obligation does not become fixed until three years have expired after the filing of the initial return, or within the three-year period, the tax obligation is finally assessed by the Department of Revenue.
Our resolution of Issue Number I is supported by the fact that Amendment No. 25 to the Alabama Constitution, ratified 30 years after the adoption of the 1901 Constitution (including § 100 thereof), gives the Legislature plenary power "to designate what income is to be taxed and affix the rates of taxes."
The legislature shall have the power to levy and collect taxes for state purposes on net incomes from whatever source derived within this state, including the incomes derived from salaries, fees and compensation paid from the state, county, municipality, and any agency or creature thereof, for the calendar year, 1933, and thereafter and to designate and define the incomes to be taxed and to fix the rates of taxes, provided that the rate shall not exceed 5 percent nor 3 percent on corporations.
Constitution of Alabama of 1901, Amendment No. 25 (emphasis added).
We held in State v. Weil, 232 Ala. 578, 168 So. 679 (1936), that Amendment No. 25 was intended to enlarge the powers of the legislature in regard to tax matters. Thus, the legislature has the power to re-define income. By adopting Act No. 594 the legislature has provided that in determining what obligation or tax the taxpayer owed, one must take account of the loss carryback provisions. Thus, the prohibition of § 100 against releasing obligations does not come into play until the amount of the obligation is finally determined. The legislature, exercising its plenary power to define "tax," *505 has required that in determining the amount of the obligation due, we must take into account the loss carryback provisions of Act 594, Acts of Alabama, 1977.
We hold that the tax obligation does not become fixed until the assessment thereof by the Department of Revenue or the expiration of three years after the tax return was filed, and therefore Act No. 594, Acts of Alabama, 1977, does not violate § 100 of the 1901 Alabama Constitution by remitting, releasing or diminishing an obligation. We also hold that the legislature was accorded the plenary power to define the obligation or tax due by Amendment 25, and that definition, without violating § 100, may include loss carryback provisions.

ISSUE NUMBER II
Several issues presented by appellant challenge the constitutionality of Act No. 594, Acts of Alabama, 1977, under § 45 of the Alabama Constitution of 1901. Those issues are dealt with here in a consolidated fashion:
Whether the Act is unconstitutional under § 45 of the Alabama Constitution of 1901 because the title to the Act is deceptive in that it fails to disclose the retroactive features of the Act, whether the act itself violates § 45 in its entirety, and whether § 45 is violated because of the lack of an accurate synopsis and fiscal note on the Act.
The Alabama Constitution of 1901 provides in Article IV at § 45:
The style of the laws of this state shall be: "Be it enacted by the legislature of Alabama," which need not be repeated, but the act shall be divided into sections for convenience, according to substance, and the sections designated merely by figures. Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length.
Alabama Constitution of 1901, Art. IV, § 45 (emphasis added).
This Court has interpreted § 45 as imposing the requirement that where an act is intended to have retroactive application, the title of the act must "fairly and reasonably indicat[e] that the act is retrospective." Lindsay v. United States Savings and Loan Association, 120 Ala. 156, 24 So. 171 (1897); See Gayle v. Edwards, 261 Ala. 84, 72 So.2d 848 (1954). The purpose of § 45 is to prevent fraud upon the legislature and the people of this state, and the test for whether a statute violates § 45 gives effect to those purposes. The question to be addressed in determining the constitutionality of an act under § 45 is: Whether the title of the act "is so misleading and uncertain that the average legislator or person reading the same would not be informed of the purpose of the enactment." Pillans v. Hancock, 203 Ala. 570, 84 So. 757 (1919); Opinion of The Justices, 294 Ala. 571, 319 So.2d 699 (1975).
To the extent that the three-year carryback provision has retrospective application to the conditional income tax obligation, we hold that the retroactive feature of the Act is fairly and reasonably indicated in the title of the Act by the word "carryback." The connotation of the word "carryback" should be familiar to those with a passing acquaintance with the field of taxation. Loss carrybacks for financial institutions have been authorized since 1955. Act No. 568, Acts of Alabama, 1955 (now Code 1975, § 40-16-1(2)k). The early version of § 172 of the Internal Revenue Code of 1954, which authorizes loss carrybacks, has been part of the federal income tax law since 1918. Applying the test enunciated above to the title of Act 594, we hold that the word "carryback," which has long been part of our tax system, is sufficient to indicate any retrospective application of the Act, and the title is not so misleading and uncertain that the average legislator or person *506 reading the same would not be informed of the purpose of the enactment.
Finally, appellant challenges the constitutionality of the Act based upon violation of the House and Senate Rules, lack of an accurate synopsis or fiscal note. The Rules of the House of Representatives and Senate of the State of Alabama are not a part of the Constitution of Alabama of 1901 and thus do not furnish a basis upon which to challenge the constitutionality of Act 594, Acts of Alabama, 1977.
AFFIRMED.
MADDOX, ALMON, SHORES and BEATTY, JJ., concur.
FAULKNER, J., with whom BLOODWORTH, JONES and EMBRY, JJ., join, dissents.
FAULKNER, Justice (dissenting).
This is an appeal from a judgment of the Circuit Court of Montgomery County declaring Act No. 594, Acts of Alabama, 1977, to be constitutional under the Constitution of Alabama, 1901. The majority affirms. I would reverse and render.
Act No. 594 was enacted by the legislature apparently as an attempt to permit Alabama taxpayers to carry forward and carry back business net operating losses, for state income tax purposes, much in the same manner as those losses are carried back and forward for federal income tax purposes.
The pertinent parts of the Act relevant to this appeal are the title, and §§ 1(b)(1)(A) and (B), and 1(b)(2). The title to the Act reads:
"To allow individual taxpayers as a state income tax deduction for the taxable year an amount equal to the aggregate of the net operating loss carryover to such year, plus the net operating loss carrybacks to such year."
Section 1(b)(1)(A) and (B) read:
"(A) A net operating loss for any taxable year ending after December 31, 1974, and before January, 1976, shall be a net operating loss carryback to the tax year preceding the taxable year of such loss. A net operating loss for any taxable year ending after December 31, 1975, and before January 1, 1977, shall be a net operating loss carryback to each of the two taxable years preceding the taxable year of such loss. A net operating loss for any taxable year ending after December 31, 1976, shall be a net operating loss carryback to each of the three taxable years preceding the taxable year of such loss.
"(B) A net operating loss for any taxable year ending after December 31, 1976, shall be a net operating loss carryover to each of the five (5) taxable years following the taxable year of such loss."
Section 1(b)(2) reads:
"Amount of Carrybacks and CarryoversThe entire amount of the net operating loss for any taxable year (hereinafter referred to as the `loss year'), shall be carried to the earliest of the taxable years to which (by reason of paragraph (1)) such loss may be carried. The portion of such loss which shall be carried to each of the other taxable years shall be the excess, if any, of the amount of such loss over the sum of the taxable income for each of the prior taxable years to which such loss may be carried. For purposes of the preceding sentence, the taxable income for any such prior taxable year shall be computed . . ."
The appellants contend, and I agree, that § 45 of the Constitution of Alabama, 1901, is violated. I cannot agree with the majority's reasoning on this issue. There is no provision in the title clearly indicating that the Act is retrospective. Thus, the Act violates § 45 of the Constitution and is void. In Lindsay v. United States Savings & Loan Association, 120 Ala. 156, 24 So. 171 (1897), this Court, speaking through Mr. Chief Justice Brickell, stated:
"But, when it is proposed by an act like the present to deal with existing contracts and liabilities, there should be in the title some expression of that intention,some indication that such is the intent,or the purposes of the constitutional requirement are not satisfied. The *507 law-making body, and the community at large, recognize and repose with confidence upon the idea that prospective lawsthe future, and not the pastare the ordinary, usual field and scope of legislation. If there are no words in the title fairly, reasonably indicating that the act is retrospective,that it is exceptional,'surprise or fraud upon the legislature' cannot be prevented. Nor will the people be apprised, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, affording them opportunity of being heard thereon, if they desire, by petition or otherwise. The usual publication of the subjects of legislative consideration, during the sitting of the general assembly, is an announcement of the titles of bills introduced, or memoranda of other matters, generally brief. It is to this publication the community at large look for information, and to the great body of the people it is the only accessible source of information. Let the title be read, and what words employed will indicate, fairly and reasonably construed, that retrospective legislation is embodied in the act,that it was intended to cure or heal the infirmities of the past transactions of these associations? It would defeat all the purposes of the requirement of the constitution, that the `subject shall be expressed in the title.' We are not sitting in judgment to control the legislature in respect to the form or mode in which titles of enactments shall be expressed. Much must be left to the legislative discretion, with which there cannot be judicial interference. But, if a title does not fairly and reasonably express the subject of the act,if it be misleading and deceptive,the constitution compels its condemnation, and such, in our judgment, is the character of this title, in so far as the past transactions of the associations are attempted to be legalized."
This language was approved by this Court in Gayle v. Edwards, 261 Ala. 84, 72 So.2d 848 (1954). There the Court held that the "retroactive feature of the act is not clearly expressed in the title, or even suggested," and declared the subject unconstitutional and void.
Next, construing § 1(b)(1)(A) and (B), I opine that the act is unconstitutional because of its vagueness and uncertainty. Nothing in the Act indicates that net operating losses are restricted to business net operating losses. If the Act is to have a field of operation as the federal tax statutes have, then only business net operating losses can be carried back or forward. Assuming that "operating" refers to business losses, the statute's definition of "net operating loss" is even more vague. Section 1(c) provides that "net operating loss" means the excess of the deductions allowed in computing the Alabama income by this section over the gross income in Alabama. There is nothing to indicate that "deductions" refers to business deductions. For aught that appears a salaried individual taxpayer having only salary income, and having deductible medical expenses in excess of his salary could carry back or forward his "loss."
It is, indeed, regrettable that the majority opinion does not speak to the question of the type of net operating loss that will be allowed by the Income Tax Division of the State Revenue Departmentbusiness or non-business losses, or both. Since the majority has rewritten the statute so as to have it mean what they want it to mean, the least that they could do is to inform the Revenue Department what "losses" can be carried forward or backward, when auditing a taxpayer's tax return.
Because my position is that I would reverse on the grounds already stated, I would pretermit discussing § 100, Constitution 1901.
BLOODWORTH, JONES and EMBRY, JJ., concur.