The plaintiff, Cheryl Jane McGlothren as administratrix of the estate of Charles R. McGlothren, Jr., deceased, brought a medical-malpractice wrongful-death action against the defendants Eastern Shore Family Practice, P.C., and Ross Bishop, M.D. The plaintiff alleges that her husband Charles died from a saddle block embolus resulting from deep vein thrombosis, which she claims would have been detected and effectively treated if Dr. Bishop had complied with the applicable standard of care. The trial court entered summary judgment in favor of the defendants, and the plaintiff brings this appeal to us. We affirm.
Defendant Dr. Ross Bishop was board-certified in family-practice medicine. Mrs. McGlothren's medical expert witness, Dr. Rex Kessler, M.D., was board-certified in internal medicine but not in family-practice medicine. The trial judge excluded the plaintiff's medical expert's testimony on the authority of 1996 Ala. Acts No. 96-511, the Alabama Medical Liability Act of 1996 (codified at §§ 6-5-548 and -549, Ala. Code 1975), which provides that an expert must be "certified by the same American board in the same specialty" as the defendant health care provider to be qualified to testify to the standard of care and any breach thereof. The plaintiff contends that this 1996 Act is unconstitutional as applied in this case.
The trial judge's order reads as follows:
 Order and Final Judgment "This case was set for trial No. 1 on call at 8:30 a.m., Monday, November 3, 1997. Prior to striking the jury, the Plaintiff requested a pretrial ruling on the Defendants' objection to the qualifications of the Plaintiff's expert witness, Dr. Rex Kessler. The Plaintiff's expert witness is board-certified in internal medicine, but is not board-certified in family medicine. The Defendant, Dr. Ross Bishop, is board-certified in family medicine. Both of their respective *Page 175 
board certifications are documented in their pretrial deposition and are not disputed by the parties. The Defendants' position is that pursuant to § 6-5-548 of the Alabama Code as amended effective May 17, 1996, the Plaintiff's expert witness is not qualified to testify as to the standard of care relating to a family practitioner such as the defendant. The Plaintiff's position is that under the prior statute and before the amendment, their expert witness was properly qualified. The Plaintiff states that the amended statute as applied to her is unconstitutional since her case was filed prior to the enactment of the amended statute. The Defendants also contend there is no causation evidence sufficient to create a genuine issue of fact as to the standard of care and the cause of death.
 "The case was submitted on oral motion for summary judgment by the Defendants on the record and prior to striking the jury with the consent of the Plaintiff and with the Plaintiff expressly waiving the ten-day notice requirement pursuant to ARCP 56. The Court finds that the Plaintiff's expert witness is not qualified to testify as to the standard of care relating to the Defendant, Dr. Ross Bishop, who is a family practitioner, pursuant to § 6-5-548 as amended. The Court overrules the Plaintiff's objection that the amended act is unconstitutional as applied to her in these circumstances. Section 6-5-549.1(e) expressly states that § 6-5-548 as amended applies to all pending actions at the time of the effective date of the amended statute and hence the Plaintiff in this case had ample notice of its application herein. In addition, the Court, in light of the deposition testimony of the Plaintiff's expert, and the other exhibits submitted in support of the motion, further finds that there is no genuine issue of fact as to causation to link an alleged breach of the standard of care with the cause of death. Dr. Rex Kessler stated in his pretrial deposition that he had no opinion as to whether the decedent had deep-vein thrombosis on November 9, 1992, when the Defendant treated him. (Kessler Depo. p. 71.) The decedent died from a saddle block embolus allegedly resulting from deep vein thrombosis. (See Autopsy.) The Court finds that the factual evidence is too speculative to create a genuine issue of fact as to causation.
 "In view of the above, the Court grants the Defendants' motion for summary judgment. The Court further finds there is no just reason for delay in entry of a judgment and therefore enters judgment for the Defendants with costs taxed to the Plaintiff.
"Dated this 27th day of January, 1998.
"/s/ James H. Reed
"Baldwin County Circuit Judge"
Before this Court, the plaintiff argues that the original version of § 6-5-548, not the 1996 amended version of that section, should be applied in this case. She contends that, because no retroactive application was expressed in the title of 1996 Ala. Acts No. 96-511 (§§ 6-5-548 and 549 of the Code), the Act violates Art. IV, § 45, of the Alabama Constitution of 1901. We do not agree.
Section 45 does not expressly address the retroactive application of statutes. Rather, § 45 requires, in pertinent part, that "[e]ach law shall contain but one subject, which shall be clearly expressed in its title." The title of 1996 Ala. Acts No. 96-511 reads:
 "AN ACT "To amend Sections 6-5-548 and 6-5-549, Code of Alabama 1975; to further provide for similarly situated health care providers; to prohibit discovery of the limits of liability insurance coverage in certain legal actions against health care providers; to provide which health care providers may testify as specialists; and to require that a jury shall be reasonably satisfied by substantial evidence *Page 176 
that the standard of care was breached and that the breach caused the injury before returning a verdict against a health care provider."
The plaintiff argues that § 45 of the Alabama Constitution of 1901 requires that an Act intended to apply retroactively must fairly and reasonably indicate that the Act is retroactive. She cites this Court to Lindsey v. United States Savings Loan Ass'n,120 Ala. 156, 24 So. 171 (1897), and Alabama Educ. Ass'n v.Grayson, 382 So.2d 501 (Ala. 1980). Both cases are distinguishable but instructive.
Lindsey holds, in pertinent part, that a statute which retroactively legalized certain usurious mortgages but which did not reveal the retroactive operation of the statute in the title of the statute violated § 2, Article IV, of the Constitution of 1875, which, like § 45 of the Constitution of 1901, required that "[e]ach law shall contain but one subject, which shall be clearly expressed in the title." Lindsey, however, recognizes the crucial distinction between the case before that Court and the case now before this Court:
 "There are statutes which may be enacted having general titles, and which may not by their terms show clearly the intent that they are to operate retrospectively. Remedial statutes, in regulation of judicial proceedings or in relation to the competency of witnesses, are examples. And there may be `curative,' or as they are sometimes termed `healing,' statutes, the subject being expressed in general terms, and may satisfy the requirement of the constitution. But, when it is proposed by an act like the present to deal with existing contracts and liabilities, there should be in the title some expression of that intention, — some indication that such is the intent, — or the purposes of the constitutional requirement are not satisfied."
120 Ala. at 175-76, 24 So. at 177. (Emphasis added.) The statute in Lindsey was unconstitutional because it dealt with existing contracts and liabilities — namely mortgages and the interest obligations thereon. In contrast, 1996 Ala. Acts No. 96-511, the statute now before this Court, is constitutional because it is, as will be further discussed, remedial: "in regulation of judicial proceedings [and] in relation to the competency ofwitnesses." Lindsey, 120 Ala. at 176, 24 So. at 177. (Emphasis added.) The effect of 1996 Ala. Acts No. 96-511 is to add to the criteria for the competency of a medical-specialistwitness the requirement that he or she be certified in the same specialty by the same American board as has certified the defendant.
Grayson, supra, holds that the word "carryback" in the title of a state income tax statute did indeed satisfy the requirement of the Constitution as expounded by Lindsey that the title of an act reveal the retroactive operation of the act. The statute inGrayson allowed income tax deduction carrybacks to taxpayers for the three years intervening between the filing of a return and the assessment of the tax due pursuant to the return and thereby reduced the income tax liabilities of the taxpayers for as much as three years predating the effective date of the statute by allowing the taxpayers to take the deductions for the carryback years. Grayson is distinguishable from the case at issue in that the statute in Grayson directly affected the (monetary) income tax obligations and expectations of the taxpayers and the State respectively.[1]
Grayson does explain the constitutional requirement that the subject be clearly expressed in the title of an act, as that requirement would apply to any statute, remedial or not:
 "The purpose of § 45 is to prevent fraud upon the legislature and the people of *Page 177 
this state, and the test for whether a statute violates § 45 gives effect to those purposes. The question to be addressed in determining the constitutionality of an act under § 45 is: Whether the title of the act `is so misleading and uncertain that the average legislator or person reading the same would not be informed of the purpose of the enactment.' Pillans v. Hancock, 203 Ala. 570, 84 So. 757 (1919); Opinion of the Justices, 294 Ala. 571, 319 So.2d 699 (1975)."
382 So.2d at 505. The general rules with respect to the "clear expression" requirements of § 45 are as follows:
 "`[W]hen the title is so misleading and uncertain that the average legislator or person reading the same would not be informed of the purpose of the enactment, it is insufficient.' Pillans v. Hancock, 203 Ala. 570, 84 So. 757, 759 (1919).
 "`"The title must be such, at least, as fairly to support or give a clue to the subject dealt with in the act, and unless it comes up to this standard, it falls below the constitutional requirements."' Clutts v. Jefferson County Bd. of Zoning Adjustment, 282 Ala. 204, 210, 210 So.2d 679, 684 (1968). . . .
"Opinions of the Justices[, No. 215], 294 Ala. 555,319 So.2d 682 (1975)."
Tyson v. Johns-Manville Sales Corp., 399 So.2d 263, 270 (Ala. 1981).
Under these tests, 1996 Ala. Acts No. 96-511 is constitutional. The title states clearly that the Act is to amend § 6-5-548 and § 6-5-549 "to further provide for similarly situated health care providers" and "to provide which health care providers may testify as specialists." The only change in the law contested in this case and enacted by the 1996 amendment is the express addition of the requirement, conjunctively with all other existing requirements, that the witness be certified in the same specialty by the same American board as has certified the defendant. The 1996 amendatory Act itself provides in § 6 that the Act applies to all actions pending against health care providers at the time of its effective date.
The plaintiff had due notice of the application of the amendment to her pending case. She filed her action on October 27, 1994; the amending Act took effect on May 17, 1996, while the case was pending; and the trial court did not grant the defendants' motion for summary judgment until November 3, 1997.
Moreover, because the amendatory Act is remedial in nature, it would be presumed to apply in pending actions in the absence of a manifest contrary intention. Ex parte Bonner, 676 So.2d 925,926 (Ala. 1995). The 1996 amendment to § 6-5-548 both clarifies and reemphasizes the preexisting provisions of that section concerning who qualifies as a "similarly situated health care provider" when the defendant health care provider is "certified by an appropriate American board as a specialist, is trained and experienced in a medical specialty, and holds himself or herself out as a specialist." This Court has said that "remedial statutes — those which do not create, enlarge, diminish, or destroy vested rights — are favored by the courts, and their retrospective operation is not obnoxious to the spirit and policy of the law."Ex parte Bonner, 676 So.2d at 926. The plaintiff does not and cannot argue that the application of the 1996 amendment has in any way impaired, diminished, or destroyed any vested right she possessed. She merely contends that she was entitled to rely on the original version of § 6-5-548.
We hold that the title to 1996 Ala. Acts No. 96-511 is not so misleading and uncertain that the average legislator or person reading the title would not be informed of the purpose of the enactment, including its possible retroactive scope. Grayson andTyson, supra. The trial court correctly concluded that 1996 Ala. Acts No. 96-511 is constitutional as applied to the plaintiff, and that the plaintiff's expert witness was not qualified under that Act. *Page 178 
The plaintiff argues, even so, that the trial court erred in entering summary judgment for the defendants. She contends that Eastern Shore Family Practice and Dr. Bishop failed to meet their initial burden of establishing a prima facie entitlement to summary judgment as a matter of law. However, Dr. Bishop established through the deposition testimony of four board-certified family practitioners that he had complied with the applicable standard of care.
When the trial judge ruled in this case, he had before him the three-year history of this case, including the deposition testimony establishing that Dr. Bishop had complied with the applicable standard of care. The discovery was complete. The case was set for trial on that same day the summary judgment motion was made and granted. The only expert the plaintiff proffered was disqualified; and expert testimony was required as a matter of law to prove the alleged medical malpractice. Thus, the plaintiff could not prove the allegations of her complaint. Because she could not show that Dr. Bishop had breached the standard of care, there was no "genuine issue as to any material fact." Rule 56(c)(3), Ala.R.Civ.P. Further, there was no substantial evidence of causation. In this posture, the defendants, Dr. Bishop and Eastern Shore Family Practice, were entitled to summary judgment as a matter of law. The trial judge made the only decision he could make under the undisputed facts and applicable law.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons and Brown, JJ., concur.
[1] See also, Gayle v. Edwards, 261 Ala. 84, 72 So.2d 848
(1954), holding that a statute which retroactively increased the pension obligations of the City of Montgomery but which did not reveal the retroactive operation of the statute in its title violated § 45 of the Constitution of 1901.