THE STATE V. THRUSTON, *Appellant.*

92  325
98  375
92  325
38a 531

1. **Constitutional Law**: AMENDMENT OF STATUTE. Section 34, of article 4, of the constitution of 1875, does not forbid the amendment of an act by the passage of an act adding new sections to the amended act, and any section of a statute may be amended provided it be fully set forth, as amended, in the amendatory act.

2. ——: ——.. It is only when all the sections of an act are amended that the entire act, as amended, is required to be set out.

*Appeal from Cooper Circuit Court.* — HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Draffen & Williams* for appellant.

The act approved March 29, 1883 (Acts 1883, page 90), under which the defendant was convicted, is amendatory of the act of March 26, 1881 (Acts 1881, page 130), and the act amended is not set forth in full as amended, in accordance with the requirement of section 34, of article 4, of the constitution. See *State v. Chambers*, 70 Mo. 625; *Trigg v. Boonville*, 46 Mo. 288.

*B. G. Boone*, Attorney General, for the state.

It will be seen by an examination of the original with the amendatory act (sec. 8, Acts 1881, p. 131, and the amendatory act, Acts 1883, p. 89), that the amendment was passed in conformity with the constitutional provision above quoted, viz: Section 34, article 4, Constitution of Missouri. The portion to be stricken out is fully set forth, and this is followed by the amended section. This is all that is required. Section 34, article 4, *supra*, was never intended to require that

the entire act to be amended should be set forth in the amendatory act, but only those sections as amended are to be set forth in full. *State v. Chambers*, 70 Mo. 625; *Boonville v. Trigg*, 46 Mo. 288. The constitution was fully complied with in the enactment of the law upon which the indictment was drawn.

NORTON, C. J.—The defendant was indicted in the Cooper county circuit court, as a druggist and pharmacist, for selling intoxicating liquors in less quantities than one gallon, without a written prescription first had and obtained from a regularly registered and practicing physician. Defendant was tried, convicted, and fined one hundred dollars, and has appealed to this court, and the sole ground relied upon for a reversal of the judgment is the alleged unconstitutionality of the act of the legislature on which the indictment was founded.

The act of 1883 (Acts 1883, p. 90), on which the indictment was found, amends the act of 1881 (Acts 1881, p. 130), by adding three new sections thereto, and amending section 8 of said act, the section 8 as amended being set out in full in the amendatory act. It is claimed by counsel that said amendatory act is violative of section 34, article four, of the constitution, because it does not set out in full the whole of the act amended. Said section 34 is as follows: "No act shall be amended by providing that designated words thereof be stricken out, or that designated words be inserted, or that designated words be stricken out and others inserted in lieu thereof; but the words to be stricken out, or the words to be inserted, or the words to be stricken out and those inserted in lieu thereof, together with the act or section amended, shall be set forth in full as amended."

It will be perceived that this section does not forbid the amendment of an act by the passage of an

act adding new sections to the act amended, and it will be seen that any section of a statute or act may be amended, provided the section when amended shall be fully set forth in the amendatory act as amended. It is only when all the sections of an act are amended that the entire act as amended is required to be set out. *State v. Chambers*, 70 Mo. 625.

The act in question is not open to the objection urged against it, and the judgment is hereby affirmed, with the concurrence of the other judges.