225 So.2d 863

**Clarence B. BOYD et al.**

v.

**W. Sterling EDWARDS, etc., et al.**

**6 Div. 637.**

Supreme Court of Alabama.

June 26, 1969.

Rehearing Denied Aug. 7, 1969.

Dunn, Porterfield, McDowell & Scholl, and Wingo, Bibb, Foster & Conwell, Birmingham, for appellants.

J. M. Breckenridge, Birmingham, for appellees.

MERRILL, Justice.

This appeal is from a decree in a declaratory judgment proceeding sustaining a demurrer to the bill and to its several aspects and dismissing the bill.

The sole question presented is whether Act No. 22, Acts of Alabama, Special Sessions 1956, p. 290, a local act for the City of Birmingham, violates that part of Section 45 of the Constitution of 1901, which provides in part that "no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length."

If Act No. 22 violates the quoted part of Section 45 of the Constitution, the trial court erred; if it does not, the trial court properly sustained the demurrer.

The complainants, Boyd, Oden and Sims, are retired firemen of the City of Birmingham and are members of the City firemen's pension system, governed by Act No. 307, Acts of Alabama 1943, p. 264. That Act, amended and re-enacted Act No. 573, 1939 Acts of Alabama, p. 910, which created the pension system for cities having a population of 200,000 or more. The respondents are the City and the trustees of the pension system.

Sections 20 through 25 of the pension act prescribed the benefits payable to retired firemen. Those sections are the same in the 1939 and 1943 Acts. Section 25 provides as follows:

"That all pensions and relief and retirement pay provided for in this act shall be on a graduating scale and shall increase or decrease in accord with the increase or decrease of the salaries of active members of such fire department and is and shall be fixed as stated in the

following table of pensions, unless the pay is otherwise provided for in this act, namely: First, second and third class firemen, sixty-five per cent of a first class fireman's pay. All higher salaried members, sixty-five per cent of a first class fireman's pay plus ten per cent of the amount of the difference between their respective salaries and the salary of a first class fireman. No pensioner shall receive more than eighty per cent of a first class fireman's pay except that nothing herein contained shall have the effect of reducing the pension of any pensioner retired as chief of the fire department below the sum of one hundred dollars per month; it being the intent hereof that such pensioner so retired as such chief shall in all events receive a minimum monthly benefit of one hundred dollars or more."

Act No. 22, the 1956 local act, provided that no pension authorized by the 1943 Act should be payable to any member of the Fire Department of the City of Birmingham after the enactment of Act 22, based on a salary higher than that which attached on December 31, 1955, to the position from which such person retired.

Since December 31, 1955, the salaries which attached to the positions each of complainants held when he retired had increased. Complainants assert that under the 1943 Act, their pensions would have been more than they are being paid under the limit of December 31, 1955, established by Act 22. They contend that Act No. 22 amended Section 25 of the 1943 Act by reference to its title only, without re-enacting or publishing at length that part which was amended and, therefore, Act No. 22 is unconstitutional under that part of Section 45 of the Constitution quoted supra.

We think this contention is adequately answered in State Docks Commission v. State, 227 Ala. 521, 150 So. 537, where an act which reduced salaries of State employees was attacked on grounds similar to those argued here. The court said:

"The appellee again bases his right to the writ of mandamus upon the ground that section 6 of the Lapsley-Lusk Act (Gen.Acts 1933 [Ex.Sess.] p. 124) is unconstitutional and void, in that it violates that part of section 45 of the Constitution providing as follows: 'No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length.' The contention of the appellee is that since section 6 of the Lapsley-Lusk Act fixes the salary or compensation which may be paid to any officer or employee of any department, board, or commission of the state, whose salary or compensation was not otherwise fixed by said act, at a sum not in excess of 70 per cent. of twelve times the salary paid such officer or employee for the month of September, 1932, recourse must be had to other statutes, and even to the records of the several departments, boards, and commissions of the state to ascertain the amount of salary that may be paid to such an officer or employee; that the act in effect amends or extends many other acts of the Legislature without complying with the foregoing constitutional requirements."

Then the opinion cited and discussed Ex parte Pollard, 40 Ala. 77; State ex rel. Terry v. Lanier, 197 Ala. 1, 72 So. 320, and Sisk v. Cargile, 138 Ala. 164, 35 So. 114, and then said:

"It is well established, therefore, by decisions of this court, that if the law in itself is complete and intelligible and original in form, it does not fall within the meaning and spirit of section 45 of the Constitution, although resort in the execution of its provisions must be had to independent sources, including other statutes, or records of commissions or boards. Cases supra.

"The appellee does not contend that section 6 of the Lapsley-Lusk Act is

anything other than an amendment by implication. In the case of Hayes v. State, 221 Ala. 389, at page 390, 128 So. 776, 777, Justice Gardner, speaking for the Supreme Court, said: 'In construction of this provision of said section 45 of the Constitution it is settled that statutes amendatory of others by implication only are not within its influence.'

"We therefore hold that the provision of the act here assailed is original and not amendatory in form, and the same does not violate that part of section 45 of the Constitution mentioned above." For other cases reaching the same conclusion, see State ex rel. Bragg v. Rogers, 107 Ala. 444, 19 So. 909, 32 L.R.A. 520; Cobb v. Vary, 120 Ala. 263, 24 So. 442; City Council of Montgomery v. Birdsong, 126 Ala. 632, 28 So. 522; State ex rel. Harmon v. Murphy, 211 Ala. 663, 101 So. 465; State v. Burchfield, 218 Ala. 8, 117 So. 483; Nachman v. State Tax Commission, 233 Ala. 628, 173 So. 25, and City of Birmingham v. Samford, 274 Ala. 367, 149 So.2d 271.

In City of Birmingham v. Samford, supra, the constitutionality of a supplemental act relating to firemen's and policemen's pensions was attacked as being violative of Sections 45 and 106 of the Constitution. The act therein questioned made reference to another act. We described it in our opinion thusly:

"Sec. 6 of Act No. 556, Acts of Alabama 1959, p. 1376, contains the following provisions:

'(a) For the purpose of the deductions from salary provided for in this Section 6 the salary of a fireman or policeman shall be deemed to be the same as his salary is for the purpose of payroll deductions provided for in Section 9 of Act No. 929, as heretofore or hereafter amended.'"

We held that Act No. 556 did not violate either Section 45 or Section 106 of the Constitution.

Act No. 22 is a local act applicable only to the City of Birmingham. It does not purport to amend the 1943 Act which applies to all cities in Alabama which have a population of 200,000 or more. It would stay in effect irrespective of whether Act No. 22 were further amended or repealed. Act No. 22 merely suspended the operation of the general law as it related to the City of Birmingham and, if repealed, the general law would once again apply. State ex rel. Holcombe v. Mobile County, 238 Ala. 656, 193 So. 315; Court of Commissioners of Pike County v. Johnson, 229 Ala. 417, 157 So. 481.

We hold, based on the authorities cited supra, that Act No. 22, involved in the instant case, is in itself original in form, complete and intelligible, and although it does make reference to the 1943 Act, such reference does not bring it within the letter or the spirit of the prohibition in the latter part of Section 45 of the Constitution.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.