*146 To the Honorable Speaker and Members of The House of Representatives
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
We acknowledge receipt of H.R. 475, requesting our opinion as to the constitutionality of House Bill No. 645. H.B. 645 proposes to amend section 9901 (the repealer section) of Act No. 607, Regular Session 1977 (the new Alabama Criminal Code), by deleting the repealer of Title 51, section 394 (Act No. 75, Regular Session 1945*; as amended), Code of Alabama 1940. To accomplish this objective, section 1 of H.B. 645 contains a restatement of all the provisions in section 9901 except for the reference to Title 51, section 394, which is deleted by striking through the words and numbers. Noting that Act No. 607 has not yet become effective, and that Title 51, section 394 has therefore not yet been repealed, you have asked whether H.B. 645 would violate the last clause of article IV, section 45 of the Constitution of Alabama of 1901:
“[N]o law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length.”
*147 A careful analysis of this problem reveals two possible instances in which the latter clause of section 45 might apply. If H.B. 645 would operate to “revive” Title 51, section 394, then section 45 would require the legislature to re-enact and publish that statute at length. As explained herein, we do not believe that section 394 will be effectively repealed until May, therefore H.B. 645 would not revive this statute and section 45 would not apply. However, section 45 does apply to the amendment of section 9901 of Act No. 607, but we feel that by re-enacting and publishing the amended section 9901 at length, the constitutional requirements are satisfied.
The new Criminal Code (Act No. 607, Regular Session 1977) becomes effective in May 1978. Section 9901 of the new Code, which repeals specific statutes, will likewise become effective on that date. Since H.B. 645 would delete any reference in section 9901 to Title 51, section 394, this bill would repeal one portion of a repealing statute. Accordingly, “where the repealing act is repealed before it takes effect, its repeal does not affect the original act in any way, it never having actually become inoperative.” 73 Am.Jur.2d Statutes § 426 (1974). Thus, under this rule, an act which repeals a portion or all of a repealing act before its effective date would not revive the original act because the original act had never ceased to exist. Clark v. Reynolds, 136 Ga. 817, 72 S.E. 254 (1911); Adam v. Wright, 84 Ga. 720, 11 S.E. 893 (1890). H.B. 645 does not revive Title 51, section 394; it need not republish the provisions of that statute to comply with section 45 of the Alabama Constitution.
However, since H.B. 645 would operate to amend Act No. 607, so much of the Act as would be amended must be re-enacted and published at length to comply with section 45. This constitutional requirement is directed against the practice of amending statutes merely by the insertion or omission of certain words or provisions without specifying how the law will read as amended, since an account of the changes by themselves would usually be unintelligible. Bates v. State, 118 Ala. 102, 24 So. 448 (1898); Ex parte Thomas, 113 Ala. 1, 21 So. 369 (1897); Tuskaloosa Bridge Co. v. Olmstead, 41 Ala. 9 (1867); Ex parte Pollard, 40 Ala. 77 (1866) (opinion of A. J. Walker, C. J.).
Section 45 does not necessarily require the legislature to re-enact an entire legislative act when only one section thereof is sought to be amended. Prior cases decided in this court have indicated that an amendatory act which publishes at length the section of the original act desired to be amended would satisfy section 45. Bates v. State, 118 Ala. 102, 108, 24 So. 448, 450 (1898); accord, Henry v. State ex rel. Welch, 200 Ala. 475, 76 So. 417 (1917). This rule is in accord with cases decided in other states having constitutional provisions similar to section 45. See In re Miller, 29 Ariz. 582, 244 P. 376 (1926); Edrington v. Payne, 225 Ky. 86, 7 S.W.2d 827 (1928); State v. Thruston, 92 Mo. 325, 4 S.W. 930 (1887).
In Bates v. State, supra, this court stated that an amendatory act should be complete in form to. satisfy section 45; that is, one should not have to refer to the original act to comprehend the meaning of the amendment. Bates v. State, supra; accord, Tyler v. State, 207 Ala. 129, 92 So. 478 (1921); State v. Bennett, 102 Mo. 356, 14 S.W. 865 (1890). H.B. 645, directed only toward amending the repealer to Act No. 607, does not require one to refer to other provisions in Act No. 607 to understand the meaning of the amendment. The section sought to be amended, section 9901, has been reproduced at length as amended, thus satisfying the requirement stated in the last clause of section 45 of the Alabama Constitution.
Respectfully submitted,
C. C. TORBERT, JR., Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES ERIC EMBRY
SAM A. BEATTY
Associate Justices

 Section 394, when codified in the 1940 Code, provided that individual taxpayers must file annual income tax returns. Act No. 75 amended § 394, attaching criminal penalties for the wilful filing of a return which the taxpayer does not believe to be true in every material detail. Apparently the repealer section of the new Criminal Code was intended to abrogate only the criminal penalties added by Act No. 75, but instead the repealer would abrogate all of § 394, including the income tax return filing requirement.