DANAHY, Judge.
The appellant, John Wayne Lee, was charged in circuit court with two offenses, including a charge of driving while under the influence of alcohol. At the time of his arrest, a breathalyzer test was administered pursuant to the statutory procedure contained in Chapter 322, Florida Statutes (1979), which authorizes the test on an arrested person.[1] Sixty days after the breathalyzer test, Lee first requested a sample of his breath taken at the time of his arrest when he filed a motion to produce the sample. The trial judge ordered the state to produce the breath sample. The state admitted none had been retained. The trial judge then granted Lee’s motion to suppress the results of the state’s blood alcohol level breath test on the ground that his right to due process of law under our federal and state constitutions had been violated by the failure of the state to collect and preserve a sample of his breath. The state appeals from that nonfinal order. We reverse.
Lee asserts that the question we must resolve is whether due process of law requires that the State of Florida collect and preserve a sample of Lee’s breath taken at the time of the breathalyzer test and make it available to him for his own independent testing.[2] The state contends, we think rightly, that this record contains no evidence on which either the trial court, or this court on review, can explore and answer that question.
We note initially that Lee’s motion to produce was directed to an actual sample of his breath. Lee did not argue his need for that particular ampoule of chemicals through which his breath was passed and in which the action of the alcohol contained in the breath produces chemical changes detected by the breathalyzer machine.[3] It is apparent from this record that the breathalyzer machine reveals an analysis of the blood alcohol level, but it does not preserve the actual breath.[4]
Lee’s argument on appeal is that, based upon due process grounds, the state has an *78 affirmative duty to preserve such a breach sample for later independent testing, or be precluded from introducing its own test results.
As a general rule it is said that a defendant is denied a fair trial where the state intentionally or negligently destroys or suppresses a sample of an illegal substance so that the defendant is precluded from testing the most critical inculpatory evidence against him while the state is allowed to introduce essentially irrefutable testimony of the most damaging kind. Stipp v. State, 371 So.2d 712 (Fla. 4th DCA 1979). However, we do not view the instant case as one which comes under such a rule.
Although some courts have held that failure by the state to automatically preserve a breath sample is tantamount to suppression of evidence, those holdings have come where the defendant has shown that the preservation was scientifically possible. Garcia v. District Court, 21st Judicial District, 197 Colo. 38, 589 P.2d 924 (1979); Baca v. Smith, 124 Ariz. 353, 604 P.2d 617 (1979). But see State v. Young, 228 Kan. 355, 614 P.2d 441 (1980). Lee, who was the moving party, had the burden of making a showing on the record that there are recognized scientifically developed means by which a breath sample can be preserved for later testing. He failed to do so when he offered no evidence at the hearing. It is impossible for this court to equate the mere failure by the state to encapsulate and preserve a breath sample to a destruction or suppression of the evidence absent a showing in the record to support a finding that the breath samples could be effectively preserved for later independent testing.
It is clear that the trial judge based his order suppressing the breathalyzer test results on due process grounds. In a judicial application of the due process clause, a balancing of relevant and conflicting factors is a necessary process. Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). Thus, to make a determination whether there has been a violation of the appellee’s right of due process, we must give consideration to the relative state and individual interests. On the record before us there was no evidence from which the trial court could make the determination that Lee was denied his right to due process of the law. Therefore, we have no findings by the trial judge to review. We have found no case which has considered the defendant’s due process contention concerning the state’s failure to produce a breath sample without evidence and findings at the trial level that it was scientifically possible for the state to collect and preserve such a sample. See State v. Larson, 313 N.W.2d 750 (N.D.1981); People v. Peed, 92 Ill.App.3d 1115, 48 Ill.Dec. 421, 416 N.E.2d 694 (1981). In this case such evidence is lacking, and we may not hypothesize in a factual vacuum that the mere failure by the state to retain a sample of Lee’s breath and furnish it later at his request constitutes a denial of his right of due process.[5] Therefore we must reverse the order of the trial court.
REVERSED.
SCHEB, C.J., and SCHOONOVER, J., concur.

. That chapter includes section 322.261(2)(c) which allows an arrestee to also choose any other person to administer an additional test for independent testing. Lee did not request or have an additional test administered to him.

. Unlike the statutes of some states, ours does not require the state to collect and preserve either the ampoule used in the test or a breath sample.

. In State v. Phillipe, 402 So.2d 33 (Fla. 3d DCA 1981), the defendant also sought the used ampoule.

. The test results revealed a blood alcohol content of .07 percent, a “neutral” reading in the three levels of presumptions established by section 322.262(2)(a) to (c).

. Of course, nothing we have said should be construed to indicate how we would rule upon the issue argued before us should we be presented with a case with evidence and a fully developed record ripe for decision.