The appellant, following trial and guilty verdict by jury, was adjudged guilty of trafficking in cannabis in violation of § 20-2-80, Code of Alabama 1975, and was sentenced to a term of six years with $25,000 fine levied. This Code section proscribes the actual or constructive possession of in excess of 2.2 pounds of cannabis (marijuana) and makes such possession a felony.
Deputy Sheriff Carson, attached to the United Narcotics Detail Operation, and other officers, armed with a duly executed search warrant, entered a house which from prior investigation they had determined to be the residence of defendant. Upon entry, Carson identified himself and identified Fowler, who was present, and was asked to seat himself at the kitchen table. Carson then gave defendant the Miranda warning and also testified that no threats, coercion, or promise of reward were made to defendant. When some bags of plant material found in the house were brought to the table by officers, the defendant, without any questioning, voluntarily said, "That is all the marijuana I have in the house." The witness Rhodes, an analytical chemist, testified the material was marijuana and in excess of 2.2 pounds, that it was 3.4 pounds. There was no testimony from the defense.
There was testimony from Carson, in answer to a general question by the prosecuting attorney as to "what happened next," that some white powder contained in a small foil pack exuded out of the pocket of defendant as he was sitting at the table. The court had previously, outside the jury's hearing, granted a defense motion that there should not be any evidence presented of any substance other than marijuana. The defense moved for a mistrial. An offer by the court to question the jury as to whether or not this testimony would prejudice them was rejected. Obviously, the trial judge decided in the end that the testimony *Page 1197 
about the white powder, referred to as cocaine, was proper evidence and pertinent on a trafficking in marijuana charge.
Our appellate courts on several occasions have held that evidence of other drugs is permissible where they would show the "complete story." Mitchum v. State, 384 So.2d 1193
(Ala.Cr.App. 1980). The Alabama Supreme Court first addressed this issue in Brantley v. State, 294 Ala. 344, 317 So.2d 345
(1975). Brantley was indicted for possession of marijuana, a felony, and convicted of possession of marijuana for personal use, a misdemeanor. The court stated:
 "The fact that Brantley possessed other drugs in the trailer where the marijuana was found and the fact that he had scales and a pipe would show the `complete story,' and would be relevant on the issue of whether Brantley possessed marijuana with an intent other than for his personal use. The admission of the other drugs by the trial court was not erroneous in this case."
It was unnecessary for the trial judge to entertain defendant's motion in limine in the first place, as the evidence of cocaine in the house and on the defendant's person was pertinent to the charge of trafficking in cannabis. No prejudice to the defendant's legal rights resulted.
The appellant next contends that § 20-2-80, Code of Alabama 1975, is unconstitutional in that it creates a conclusive, irrebutable presumption that possession of more than 2.2 pounds of marijuana constitutes trafficking in marijuana, a felony, that it is without rational basis, is arbitrary in application by foreclosing evidence that the possession was for personal use only, and thus that it is in violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the Federal Constitution.
The Alabama legislature enacted § 20-2-80 in 1980 and by express provision repealed all laws or parts of laws conflicting with that act. Therefore, this section supersedes
the application of § 20-2-70 (enacted in 1971) when the offender possesses in excess of 2.2 pounds of marijuana,whether for personal use or sale, and whether for the first time or as a repeat offender. The legislature did not intend to completely repeal § 20-2-70. Rather, its application is now limited to offenders who possess 2.2 pounds of marijuana or less. For these defendants misdemeanor treatment is still available for first offenders proving personal use, and subsequent felony offenders possessing 2.2 pounds or less of marijuana will be punished as provided by the first and last clauses of § 20-2-70. Beasley v. State, 408 So.2d 173
(Ala.Cr.App. 1981), cert. denied, 408 So.2d 180 (Ala. 1982).
This court further stated in Beasley, supra:
 "Section 20-2-80, Code of Alabama 1975, does not make a felony/misdemeanor distinction based upon the use for which marijuana is possessed. Section 20-2-80 is strictly a felony offense. The State must only prove in the case at bar that the appellant was `knowingly in actual or constructive possession of in excess of one kilo or 2.2 pounds of cannabis.'"
Thus, in enacting § 20-2-80, the legislature defined "trafficking" as possession of more than 2.2 pounds regardless of the possessor's intent for its use, this being made a felony in an attempt to curb an apparent widespread distribution and sale of the drug in the State. Thus, the statute has a clearly rational basis and is not arbitrary in that the classification used is a valid one.
The State of Illinois also has a marijuana possession statute (Ill.Rev.Stat., Ch. 56 1/2, § 701, et seq.) based on amount, which is very similar to Alabama's statute. In a case ruling on the constitutionality of this statute, the Illinois Supreme Court said:
 ". . . In determining whether a statutory classification violates the equal protection clause, we must begin with the presumption that the classification is valid and must impose the burden of showing invalidity on the party challenging the classification. The Equal Protection Clause does not deny the states the power to classify *Page 1198 
in the exercise of their police power and it recognizes the existence of a broad latitude and discretion in classifying. If any state of facts may reasonably be conceived which would justify the classification, it must be upheld. The right of judicial questioning of a classification under the Equal Protection Clause is thus limited. . . . Whether the enactment . . . is the best means to achieve the desired results . . . is a matter for the judgment of the legislature, and the honest conflict of serious opinion does not suffice to bring them within the range of judicial cognizance." People v. McCabe, 49 Ill.2d 338, 275 N.E.2d 407 (1971).
Therefore, even if this court disagreed with the section in question, it could not find it invalid. As stated in Tyson v.Johns-Manville Sales Corp., 399 So.2d 263 (Ala. 1981), the court cannot find a legislative act invalid because the court thinks there are elements which are violative of natural justice, harsh, or in some degree unfair or of doubtful propriety, but all questions of propriety, wisdom, necessity, utility, and expedience are held exclusively for legislative bodies. The only question for the court is one of power, not of expediency.
The due process clause is satisfied if the law bears a reasonable relation to a proper legislative purpose and is neither arbitrary nor discriminatory. Alabama Dairy Commissionv. Food Giant, Inc., 357 So.2d 139 (Ala. 1978). The legislature may, without violating the equal protection clause, provide a special punishment for a special class of offenders. State v.Spurlock, 393 So.2d 1052 (Ala.Cr.App. 1981).
Appellant contends that the labeling of possession of more than 2.2 pounds of marijuana as trafficking is a legal conclusion which rightfully belongs to the trier of fact in a court of law and violates § 43 (separation of powers) of the State constitution. That section forbids the judiciary from exercising legislative powers. Since it was within the competence of the legislature to enact § 20-2-80, it is obvious that appellant's contention is without merit. Finch v. State,271 Ala. 499, 124 So.2d 825 (1960); City of Birmingham v.Henry, 224 Ala. 239, 139 So. 283 (1931).
Appellant contends that § 20-2-80 amends § 20-2-70 and therefore violates § 45 of the Alabama constitution. This assertion is without merit. The Alabama Supreme Court in Boydv. Edwards, 284 Ala. 459, 225 So.2d 863 (1969), quoted fromState Dock Comm'n v. State, 227 Ala. 521, 150 So. 537 (1933), saying:
 "It is well established, therefore, by decisions of this court, that if the law in itself is complete and intelligible and original in form, it does not fall within the meaning and spirit of Section 45 of the Constitution, although resort in the execution of its provisions must be had to independent sources, including other statutes, or records of commissions or boards."
Merely because the legislature saw the need to pass further legislation to control the sale, use, and distribution of marijuana does not mean that such legislation amends every other statute dealing with marijuana. The mere passage of legislation does not of itself abrogate the prerogative of the legislature to thereafter refine, modify, or supersede the same by additional legislation. Madison v. Lambert, 399 So.2d 840
(Ala. 1981).
The purpose of § 45 of the State constitution is to prevent "logrolling" of legislation, or fraud on the public and the legislature by provisions being placed in bills which have titles that give no intimation of the actual subject being considered. Bozeman v. Hester, 260 Ala. 566, 72 So.2d 61
(1954); Eagerton v. Exchange Oil and Gas Corp., 404 So.2d 1
(Ala. 1981). Section 20-2-80 in no way violates the letter or spirit of § 45 of the constitution.
No error having been found in the record, the judgment and sentence of the lower court are affirmed.
The foregoing opinion was prepared by the Honorable ROBERT M. HILL, Sr., Retired Circuit Judge, temporarily on duty on the court pursuant to § 12-2-30 (b)(6), *Page 1199 
Code of Alabama 1975; his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur except TYSON, J., who concurs in result only.