LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction and sentence by the Circuit Court fixing punishment at a fine of $500.00 and imprisonment in the jail of the City of Montgomery for five days, which judgment was on an appeal from a judgment of the Municipal Court of the City of Montgomery adjudging defendant guilty of the violation of an ordinance of the City of Montgomery and imposing a fine and imprisonment in the City Jail substantially in accordance with the punishment thereafter determined in the Circuit Court, as stated.
The hearing in the Circuit Court was on a written complaint by the City, which alleged in pertinent part the following:
“John Sidney Dove ... did, on or about August 9, 1984, at approximately 10:40 p.m., drive or have actual control of a motor vehicle while there was 0.10% percent or more by weight of alcohol in his blood, to-wit: GCI reading .16%.
“In violation of Chapter 1, Section 9 of the Code of the City of Montgomery, Alabama, 1980. Ref. Title 32-5A-191(a) Code of Alabama, 1975.”
The case was set for trial before a jury on November 30, 1983, but there was a pre-trial hearing commenced but not completed November 22, which was resumed on November 30. During the pre-trial hearing, some, if not all, of the issues raised on this appeal were raised in the Circuit Court, during which time defendant withdrew a jury demand, and the trial court, after hearing the stipulations of the parties as to the evidence, adjudged defendant guilty and fixed his punishment as stated above.
Appellant’s attorneys, the same attorneys who represented him in the Circuit Court, have methodically set forth a statement of the issues presented and arguments in support thereof, which we proceed to consider in the numerical and alphabetical order presented in appellant’s brief.
I.
Appellant urges that the trial court “erred in denying Defendant’s Motion to Dismiss the Complaint.” He sets forth three separate reasons for such contention, designating them as A, B, and C, which we now separately consider.
A.
Appellant contends, as he did in the Circuit Court, that Act No. 83-620, Regular Session, 1983, contains more than one subject and is thereby in contravention of the clause of the Constitution of Alabama of 1901, Art. IV, § 45, stating, “Each law shall contain but one subject, which shall be clearly expressed in its title, ...” We now quote in full the Title of Act No. 83-620, Regular Session, 1983:
“To amend Sections 32-5-192, 32-5A-191, 32-6-19, and 11-45-9, Code of Alabama 1975, relating to offenses and penalties for refusal to submit to a chemical test under 32-5-192 (Implied Consent); to generally increase the penalties and deter sanctions for violation of 32-5A-191 (DUI); to clarify the penalty for violation of 32-5A-192 relating to Homicide by Vehicle; to generally increase the penalty for violation of Section 32-6-19 relating to Driving While Revoked; and to allow municipal courts to enforce increased penalties under 32-5A-191 (DUI) by amending 11-45-9, and to provide that any person arrested for violating the provisions of this Act shall not be released from jail under bond or otherwise, until there is less than the same percent *1384 by weight of alcohol in his blood as specified in Section 32-5A-191(a)(l).”
We agree with appellant that Boswell v. State, 290 Ala. 349, 276 So.2d 592 (1973), is the controlling opinion on the issue now under consideration, but we are of the opinion that it leads to a conclusion opposite to the position taken by appellant. We reach the same result that was reached in Boswell v. State, in holding that the statute under consideration complied with Alabama Constitution, Article 4, § 45, in containing “but one subject” which is “clearly expressed in its title” and apply with great appreciation what was succinctly and clearly stated by Justice Faulkner in Boswell v. State, at 276 So.2d 596:
“The purposes of this constitutional provision that every law contain but one subject, clearly expressed in its title, have been much commented upon in our case law. They are generally stated to be notification to the public of the nature of pending legislation, avoidance of fraud on the legislature by any verdant passage of provisions not related to the title thereof, and prevention of hodgepodge, conglomerate, or ‘logrolling’ legislation. State ex rel Bozeman v. Hester, 260 Ala. 566, 72 So.2d 61 (1954); State ex rel. Bassett v. Nelson, 210 Ala. 663, 98 So. 715 (1923).
“Many years ago, in Ballentyne v. Wickersham, 75 Ala. 533 (1883), we stated the test for determining whether a law violates this constitutional provision:
“ ‘[T]he title of a bill may be very general, and need not specify every clause in the statute. Sufficient if they are all referable, and cognate to the subject expressed. And when this subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in, and authorized by it.’ 75 Ala. at 536.

“It is clear that the component subjects, marijuana possession, heroin possession, marijuana sale, heroin sale, etc., do combine into the ‘grand and comprehensive’ subject of regulation of controlled substances, and that the title of the Act does include all the component parts.
“All the limbs of this tree belong to the tree. No alien branch is hidden in the foliage. We hold that the Alabama Uniform Controlled Substances Act satisfies the constitutional requirement of having a single subject clearly expressed in its title.”
B.
The caption of this issue presented by appellant is thus stated in his brief:
“Whether Act No. 83-620, Regular Session, 1983, Denied Defendant His Right To Bail As Granted By The Eighth And Fourteenth Amendment To The United States Constitution; Article I, § 16 Of The Alabama Constitution; And Code of Alabama § 15-13-2.”
It was stipulated by the parties “that when Mr. Dove was arrested, he was placed in jail for a period of four hours and was not permitted to make any type of bond or contact for bond” and “only after four hours was he allowed to be released.” It was further stipulated that “he was put in a drunk tank” and that he “was prepared at that time to contact a friend who could have come down and helped him make bond which he did after a four-hour period.”
As to this particular issue, appellee states in its brief that “Appellant cites no case which is expressly on point concerning this issue” and further states in appellee’s brief, “Likewise, the City of Montgomery can find no case either for or against the City which indicates what this Court’s ruling should be.” Neither party suggests, but we note, that Act No. 83-620, Regular Session, 1983, contains a severability clause, providing, “If any part of the Act is declared invalid or unconstitutional such declaration shall not affect the part that remains.” We see no reasonable basis for any contention that the claimed unconstitutionality of the Act, prohibiting the release *1385 of the appellant “from jail under bond or otherwise, until there is [was] less than the same percent by weight of alcohol in his blood as specified in Section 32-5A-191(a)(1)” has any material bearing upon the issue of whether defendant was guilty of driving a motor vehicle while under the influence of alcohol. Notwithstanding our view as to the constitutionality of the particular provision of the Act, we think it appropriate not to engage in any further discussion of the question in the instant case, which would have no material bearing on whether reversible error was committed by the trial court.
C.
In the first paragraph of appellant’s brief in support of this particular issue presented by appellant is the following:
“Act number 83-620 required the Director of Public Safety to revoke an individual’s driver’s license for a period of one year upon a second conviction of D.U.I. within a five year period. In accordance with this provision, the Director of the Department of Public Safety has attempted to revoke Defendant’s license for a one year period. Defendant, however, was not represented by an attorney on his first conviction. Moreover, a review of the records will show that the City did not and is unable to prove that Defendant was represented by counsel upon this first conviction.”
We agree with the position taken by appel-lee in response to appellant’s contention as to this particular issue, to the effect that it is not a function of this Court to determine at this time whether the Director of the Department of Public Safety should revoke appellant’s driver’s license. Our function at this time is to review issues raised by appellant as to any errors made by the trial court, not to express an opinion as to the legality of any past, present or future action of the Director of Alabama Department of Public Safety that had not occurred while the instant case was pending in the trial court.
II.
By appellant’s final contention for a reversal, he presents an issue that both parties agree is one “of first impression before this Court.” The issue was raised in the trial court by a motion to suppress evidence of the results of the chemical analysis test of defendant’s breath to determine the percentage of alcohol in his blood, on the ground that “a sample of Defendant’s breath” had not been preserved by the City. The motion to suppress was denied by the trial court. Appellant argues that failure to preserve a sample of defendant’s breath impaired defendant’s opportunity to show by expert witnesses other than the expert witnesses testifying for the City the true results of the test. That appellant’s contention in this respect is not unreasonable is evidenced by the fact that some highly regarded appellate courts in the United States have held that the failure to preserve a sample of the tested matter disentitled the party taking the test to introduce in evidence the results thereof. The last reported case cited by either of the parties in the instant case, is State v. Lee, Fla.App., 422 So.2d 76 (1982), which includes citations of the authorities cited by the parties on this appeal. In State v. Lee, in reversing the trial court for its order suppressing evidence of the results of the test, the court said at 422 So.2d 78:
“Although some courts have held that failure by the State to automatically preserve a breath sample is tantamount to suppression of evidence, those holdings have come where the defendant has shown that the preservation was scientifically possible. Garcia v. District Court, 21st Judicial District, 197 Colo. 38, 589 P.2d 924 (1979); Baca v. Smith, 124 Ariz. 353, 604 P.2d 617 (1979). But see State v. Young, 228 Kan. 355, 614 P.2d 441 (1980). Lee, who was the moving party, had the burden of making a showing on the record that there are recognized scientifically developed means by which a breath sample can be preserved for later testing. He failed to do so when he offered no evidence at the hearing. It is impossible for this court *1386 to equate the mere failure by the State to encapsulate and preserve a breath sample to a destruction or suppression of the evidence absent a showing in the record to support a finding that the breath samples could be effectively preserved for later independent testing.”
In the absence of any statutory or judicial authority on the point in Alabama, we apply to the instant case what was said and held in State v. Lee, supra, and hold that the trial court was not in error in overruling the defendant’s motion to suppress evidence of the results of the analysis made of defendant’s breath to determine the percentage of alcohol in his blood.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, .serving as a judge of this Court under the provisions of § 6.10 of'the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.