## STATE OF FLORIDA v. LAMBERT
Case No. 85783/4/5AN

**(Consolidated with STATE OF FLORIDA v. HOYNE; STATE OF FLORIDA v. JESSELL; STATE OF FLORIDA v. YORK; STATE OF FLORIDA v. KASTNER; STATE OF FLORIDA v. GREEN; STATE OF FLORIDA v. ABSHIRE; STATE OF FLORIDA v. FENGER; STATE OF FLORIDA v. DONOVAN; STATE OF FLORIDA v. O'TOOLE; STATE OF FLORIDA v. RHEA; STATE OF FLORIDA v. KIELB; STATE OF FLORIDA v. SNYDER; and STATE OF FLORIDA v. FORREST**

County Court, Volusia County

June 19, 1984

### APPEARANCES OF COUNSEL

State Attorney's Office for plaintiff.

■■■

**Michael H. Lambert** for defendants Lambert, Hoyne, Jessell, York, Kastner, and Green; **John Rue** for defendant Abshire; **Gregory Wagner** for defendant Fenger; **John Revis** for defendant Donovan; **William Emory** for defendant O'Toole; **Joseph Garlovsky** for defendant Rhea; **Henry Duffett** for defendant Kielb; **Robert H. Bailey** for defendant Snyder; **Eric Neitzke** for defendant Forrest.

## OPINION OF THE COURT

GAYLE GRAZIANO, County Judge.

This matter having come before the Court on various defense Motions to Suppress, which were consolidated, in the interest of judicial economy, solely for the determination of the issue raised on said motions, and the Court having considered the evidence presented, arguments of counsel, the legal precedents throughout the state and nation and being fully advised in the premises, it is hereby,

ORDERED AND ADJUDGED that the motions to suppress the chemical test results are hereby denied for the reasons more fully set forth below:

The sole issue placed before the Court on the Motions to suppress, was whether the failure of the State to preserve certain physical evidence, an alcohol breath sample or trapped alcohol from a breath sample, for subsequent independent testing by the defendants, violated the defendant's due process rights as guaranteed through Article I, Section 9, Florida Constitution and U.S. Constitution Amendment V, XIV:

The defense met its burden pursuant to *State v. Lee*, 422 So.2d 76 (Fla 2DCA 1982) of showing that preservation of breath samples and trapped alcohol from a breath sample is scientifically feasible. This was accomplished through the testimony of Dale C. Wingeleth, Ph.D (Chemistry). Dr. Wingeleth testified that tests on preserved samples would verify the chemical tests conducted by law enforcement officers in approximately ninety-five percent of the cases. He also testified that any error caused by the defendant not falling within the norm would also appear in the testing of the preserved samples.

This Court relies on the case law cited by both parties and on the very recent decision of *California v. Trombetta*, Case No. 83-305 U.S. (June 11, 1984). The law enforcement authorities in the instant case did not, in failing to preserve a breath sample or trapped alcohol from a breath sample, destroy samples in a calculated effort to circumvent the due process requirement of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1199 (1983) and subsequent cases. "Samples" do not and would

110

not possess exculpatory value which was apparent before they were destroyed nor were they of such a nature that the defendant would be unable to obtain comparable evidence by other reasonable available means. Defendants may attack the reliability of the testing procedures including the machine's maintenance, extraneous interference with the machine measurements, the operator's qualifications, and may use other competent evidence to rebut any presumption of impairment.

Notwithstanding the above, Section 316.1932(f)(3) Florida Statutes (1983) provides:

> "The person tested may, at his own expense, have a physician, registered nurse, duly licensed clinical laboratory technologist or clinical laboratory technician, or other person of his own choosing administer a test in addition to the test administered at the direction of the law enforcement officer for the purpose of determining the amount of alcohol in his blood or the presence of controlled substances at the time alleged, as shown by chemical analysis of his blood, urine, or breath. The failure or inability to obtain an additional test by a person shall not preclude the admissibility in evidence of the test taken at the direction of the law enforcement officer."

Pursuant to the foregoing Statutes, a person upon whom a law enforcement officer has administered a chemical test can have any qualified person of his own choosing administer a test or tests for his own use. This provision also affords the defendants a fair and reasonable opportunity to scrutinize and verify or impeach the results of any chemical test administered by law enforcement personnel.

The failure of the State to preserve breath samples or trapped alcohol from breath samples does not violate Article I, Section 9 Florida Constitution or U.S. Constitution Amendment V or XIV.