To the Honorable Speaker and Members of the House of Representatives
State House
*7 Montgomery, Alabama
Dear Sirs and Mesdames:
We acknowledge receipt of H.R. 88, requesting our opinion as to the constitutionality of House Bill No. 97. H.B. 97 proposes to amend Act No. 405 of the Regular Session of the Legislature of Alabama of 1967. Specifically, H.B. 97 proposes to amend section 3, subsection 3(e), and subsection 4(a) of Act No. 405.
The questions posed to us in H.R. 88 are as follows:
1. May an original act of the legislature be amended by enactment of an amendatory bill which publishes only a subsection of a section of the original act to be amended?
2. May an original act of the legislature be amended by enactment of an amendatory bill which publishes only a subsection of a subsection of a section of the original act to be amended?
3. May an original act of the legislature be amended by enactment of an amendatory 'bill which does not publish at length the section to be amended?
4. Would H.B. 97 of the 1986 First Special Session of the Alabama Legislature be void for failure to re-enact and publish at length the entire sections of Act No. 405 of the 1967 Regular Session of the Alabama Legislature to be amended in violation of Article IV, Section 45 of the Alabama Constitution which requires that so much of a law that is revived, amended or extended, or conferred shall be published at length?
We are of the opinion that questions 1, 2, and 3 must be answered in the negative, and that question 4 must be answered in the affirmative.
Article IV, Section 45, of the Constitution of Alabama of 1901 provides:
The style of the laws of this state shall be: “Be it enacted by the legislature of Alabama,” which need not be repeated, but the act shall be divided into sections for convenience, according to substance, and the sections designated merely by figures. Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extend or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length. [Emphasis added.]
Thus, according to the mandates of section 45, those parts of Act No. 405 which are amended or extended shall be re-enacted and published at length.
In Opinion of the Justices No. 49, 237 Ala. 377, 186 So. 731 (1939), this Court noted that “[ajmending bills by the mere additions of sections, not setting out the original act, has been condemned in our decisions.” In some instances, however, it is not necessary to set forth the entire original act. In Opinion of the Justices No. 246, 357 So.2d 145 (Ala.1978), this Court stated:
Section 45 does not necessarily require the legislature to re-enact an entire legislative act when only one section thereof is sought to be amended. Prior cases decided in this court have indicated that an amendatory act which publishes at length the section of the original act desired to be amended would satisfy section 45. Bates v. State, 118 Ala. 102, 108, 24 So. 448, 450 (1898); accord, Henry v. State ex rel. Welch, 200 Ala. 475, 76 So. 417 (1917). This rule is in accord with cases decided in other states having constitutional provisions similar to section 45. See In re Miller, 29 Ariz. 582, 244 P. 376 (1926); Edrington v. Payne, 225 Ky. 86, 7 S.W.2d 827 (1928); State v. Thruston, 92 Mo. 325, 4 S.W. 930 (1887).”
357 So.2d at 147. H.B. 97 does not even comply with this alternative to publishing the entire original act, as it merely sets forth portions of sections and subsections, and in no way publishes at length the section to be amended. In order to meet the requirements of Article IV, § 45, the *8 Legislature must include in H.B. 97 such republication that the reader need not go to the original act to comprehend the meaning of the amendment. The amendatory act must be complete in form and not just parts of sections and subsections sought to be amended. Opinion of the Justices No. 246, 357 So.2d 145 (Ala.1978).
Therefore, answering the questions posed, we point out that the Legislature must provide a more complete republication in the proposed legislation than is present in the materials submitted to this Court in order to comply with § 45.
Respectfully submitted,
C.C. TORBERT,
Chief Justice
RENEAU P. ALMON
JANIE L. SHORES
OSCAR W. ADAMS, JR.
GORMAN HOUSTON
HENRY B. STEAGALL, II
Justices