BASCHAB, Judge.
The State appeals from an order in which the Morgan Juvenile Court declared Act No. 99-705, 1999 Ala. Acts, unconstitutional. A child in need of supervision petition, see § 12-15-1(4), Ala.Code 1975, was filed against the appellee based on a charge of truancy for violating the compulsory school attendance law. See §§ 16-28-1 through -24, Ala.Code 1975. On its own motion, before it conducted a hearing on the petition, the juvenile court entered the following order:
“Act No. 99-705, Ala. Acts 1999, amends or extends the provisions of [§ ] 16-28-3, Code of Alabama 1975 defining compulsory school attendance. It purports to do so by adding a subsection to [§ ] 16-28-16, Code of Alabama 1975, a procedural statute. Art. IV, [§ ] 45 of the Alabama Constitution of 1901 provides that no law shall be amended or the provisions thereof extended unless the amended or extended portion Tie reenacted and published at length.’
“Act No. 99-705 fails to re-enact and publish at length those provisions of [§ ] 16-28-3 which it seeks to amend and extend, and fails to make reference to said section in title or body. Because it is dependent upon and unintelligible without reference to [§. ] 16-28-3, it is an amendatory act, rather than an original and independent one.
“The foregoing being considered, the court declares that Act. No. 99-705 is void as violative of [§ ] 45 of the Alabama Constitution. Petition numbered .03 herein is dismissed for failing to state an offense cognizable under Alabama law. It is so ORDERED.”
(C.R.4.) The State appealed.
The State argues that the juvenile court erroneously concluded that Act No. 99-705 violates Article IV, § 45, of the Constitution of Alabama of 1901. Article IV, § 45, of the Constitution of Alabama of 1901 provides:
“The style of the laws of this state shall be: ‘Be it enacted by the legislature of Alabama,’ which need not be repeated, but the act shall be divided into sections for convenience, according to substance, and the sections designated merely by figures. Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length.”
The State specifically contends that § 16-28-16, Ala.Code 1975, as amended effective July 1, 2000, does not amend or extend § 16-28-3, Ala.Code 1975. Section 16-28-3, Ala.Code 1975, provides:
“Every child between the ages of seven and 16 years shall be required to attend a public school, private school, church school, or be instructed by a competent private tutor for the entire length of the school term in every scholastic year except that every child attending a church school as defined in Section 16-28-1 is exempt from the requirements of this section, provided such child complies with enrollment and reporting procedure specified in Section *639 16-28-7. Admission to public school shall be on an individual basis on the application of the parents, legal custodian or guardian of the child to the local board of education at the beginning of each school year, under such rules and regulations as the board may prescribe.”
Before July 1, 2000, § 16-28-16, Ala.Code 1975, provided:
“It shall be the duty of the county superintendent of education or the city superintendent of schools, as the case may be, to require the attendance officer to investigate all cases of nonenrollment and of nonattendance. In all cases investigated where no valid reason for no-nenrollment or nonattendance is found, the attendance officer shall give written notice to the parent, guardian or other person having control of the child. In the event of the absence of the parent, guardian or other person having control of the child from his or her usual place of residence, the attendance officer shall leave a copy of the notice with some person over 12 years of age residing at the usual place of residence, with instructions to hand such notice to such parent, guardian or other person having control of such child, which notice shall require the attendance of said child at the school within three days from date of said notice. In the event the investigation discloses that the nonenrollment or nonattendance was without valid excuse or good reason and intentional, the attendance officer shall be required to bring criminal prosecution against the parent, guardian or other person having control of the child.”
Section 16-28-16, Ala.Code 1975, as amended effective July 1, 2000, provides:
“(a) It shall be the duty of the county superintendent of education or the city superintendent of education, as the case may be, to require the attendance officer to investigate all cases of nonenrollment and of nonattendance. In all cases investigated where no valid reason for no-nenrollment or nonattendance is found, the attendance officer shall give written notice to the parent, guardian, or other person having control of the child. In the event of the absence of the parent, guardian, or other person having control of the child from his or her usual place of residence, the attendance officer shall leave a copy of the notice with some person over 12 years of age residing at the usual place of residence, with instructions to hand the notice to the parent, guardian, or other person having control of the child, which notice shall require the attendance of the child at the school within three days from the date of the notice. In the event the investigation discloses that the nonen-rollment or nonattendance was without valid excuse or good reason and intentional, the attendance officer shall be required to bring criminal prosecution against the parent, guardian, or other person having control of the child.
“(b) Each child who is enrolled in a public school shall be subject to the attendance and truancy provisions of this article except that any parent or parents, guardian or guardians who voluntarily enrolls their child in public school, who feels that it is in the best interest of that child shall have the right to withdraw the child at any time prior to the current compulsory attendance age.”
Act No. 99-705, 1999 Ala. Acts, 2d Special Sess., provided:
“AN ACT
“Amending Section 16-28-16 of the Code of Alabama 1975; specifying that each child who enrolls in a public school, whether or not the child is required by law to enroll, is subject to the school attendance and truancy laws of *640 the state; providing an effective date; and in connection therewith would have as its purpose or effect the requirement of a new or increased expenditure of local funds within the meaning of Amendment 621 of the Constitution of Alabama of 1901.

“Be It Enacted by the Legislature of Alabama:

“Section 1. Section 16-28-16 of the Code of Alabama 1975, is amended to read as follows:
“ ‘ § 16-28-16.
“ ‘(a) It shall be the duty of the county superintendent of education or the city superintendent of education, as the case may be, to require the attendance officer to investigate all cases of nonenrollment and of nonattendance. In all cases investigated where no valid reason for no-nenrollment or nonattendance is found, the attendance officer shall give written notice to the parent, guardian, or other person having control of the child. In the event of the absence of the parent, guardian, or other person having control of the child from his or her usual place of residence, the attendance officer shall leave a copy of the notice with some person over 12 years of age residing at the usual place of residence, with instructions to hand the notice to the parent, guardian, or other person having control of the child, which notice shall require the attendance of the child at the school within three days from the date of the notice. In the event the investigation discloses that the nonen-rollment or nonattendance was without valid excuse or good reason and intentional, the attendance officer shall be required to bring criminal prosecution against the parent, guardian, or other person having control of the child.
“ ‘(b) Each child who is enrolled in a public school shall be subject to the attendance and truancy provisions of this article except that any parent or parents, guardian or guardians who voluntarily enrolls their child in public school, who feels that it is in the best interest of that child shall have the right to withdraw the child at anytime prior to the current compulsory attendance age.
“Section 2. Although this bill would have as its purpose or effect the requirement of a new or increased expenditure of local funds, the bill is excluded from further requirements and application under Amendment 621 because the bill requires expenditures only by a school board.
“Section 3. This act shall become effective on July 1, 2000, following its passage and approval by the Governor, or otherwise becoming law.
“Approved December 9,1999
“Time: 8:09 A.M.”
(Emphasis added.)
“In the past this Court has given the requirements of Section 45 a liberal interpretation. Knight v. West Alabama Environmental Imp. Auth., 287 Ala. 15, 246 So.2d 903 (1971)....
[[Image here]]
“Section 45 does not necessarily require the re-enactment of an entire legislative Act when only one section is to be amended. An amendatory Act publishing at length the section to be amended is sufficient. Henry v. State ex rel. Welch, 200 Ala. 475, 76 So. 417 (1917); Opinion of the Justices, Ala., 357 So.2d 145 (1978).”
Freeman v. Purvis, 400 So.2d 389, 392 (Ala.1981).
“Section 45 does not necessarily require the legislature to re-enact an entire legislative act when only one section thereof is sought to be amended. Prior cases decided in this court have indicated that an amendatory act which publishes at length the section of the original act desired to be amended would *641 satisfy section 45. Bates v. State, 118 Ala. 102, 108, 24 So. 448, 450 (1898); accord, Henry v. State ex rel. Welch, 200 Ala. 475, 76 So. 417 (1917). This rule is in accord with cases decided in other states having constitutional provisions similar to section 45. See In re Miller, 29 Ariz. 582, 244 P. 376 (1926); Edrington v. Payne, 225 Ky. 86, 7 S.W.2d 827 (1928); State v. Thruston, 92 Mo. 325, 4 S.W. 930 (1887).”
Opinion of the Justices No. 246, 357 So.2d 145, 147 (Ala.1978). In Thornton v. State, 570 So.2d 762, 765-66 (Ala.Crim.App.1990), a similar case, we held:
“Section 13A-12-202, Code of Alabama 1975 (Supp.1989), originally appeared at § 20-2-161, Code of Alabama 1975 (Supp.1988) (transferred). This statutory code section was ‘transferred’ from title 20 to title 13A of our code by Act 88-918. Act No. 88-918, § 2(7), 1988 Ala. Acts.
“Section 20-2-161 was the statutory codification of Act 87-612. Act No. 87-612, § 2, 1987 Ala. Acts. The act remained unchanged when it was transferred to title 13A by Act 88-918.
“Section 2 of Act 87-612 reads as follows:
“ ‘Section 2.(a) A person is guilty of criminal solicitation to commit a controlled substance crime if he engages in the conduct defined as criminal solicitation in Code of Alabama 1975, § 13A-4-l(a), and the crime solicited is a controlled substance crime.
“ ‘(b) The principles of liability and defenses for criminal solicitation to commit a controlled substance crime are the same as those specified in Code of Alabama 1975, § 13A-4-l(b)(e), and § 13A-4-5.
“ ‘(c) Criminal solicitation to commit a controlled substance crime shall be punished the same as the controlled substance crime solicited.’
“The statutory sections to which the above portion of the 1987 act refer, §§ 13A-4-1 and 5, Code of Alabama 1975, were both previously codified laws (i.e., enacted prior to the enactment of the 1987 act). See Act No. 77-607, §§ 1001 and 1020, 1977 Ala. Acts.
“The appellant argues that the legislature violated the mandates of this State’s constitution by failing to include §§ 13A-4-1 and -5 in the 1987 act. Specifically, the appellant claims that the 1987 act is constitutionally defective because the legislature could not cast an informed vote based on the information before them in the 1987 bill. The appellant contends that article IV, § 45, of the Constitution of Alabama (1901) requires the inclusion of all extraneous materials so that the proposed act will be clear on its face without reference to outside materials.
“Article IV, § 45, states:
“ ‘.... Each law shall contain but one subject, which shall be clearly expressed in its title ...; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be reenacted and published at length.’ (Emphasis added.)
“Article IV, § 45, has been addressed by this court on numerous occasions. In Dickerson v. State, 414 So.2d 998, 1006 (Ala.Cr.App.1982), we stated:
“ ‘The purposes of § 45 have been stated to be: (1) to fairly apprise the public of the subjects of legislation that are being considered so that it may have an opportunity to respond thereto, (2) to truly inform the members of the legislature of the subject of a bill so that they may intelligently and faithfully execute their duties, and (3) to prevent the inclusion of matter in a bill incongruous with the title *642 which possibly could not individually obtain legislative assent but when combined with other matter into one bill would by reason of such gain favor and secure passage. State v. Hester, 260 Ala. 566, 72 So.2d 61 (1954); See also Alabama Education Association v. Grayson, Ala., 382 So.2d 501 (1980).’
“For other cases discussing the purpose and applications of § 45, see Ex parte Hilsabeck, 477 So.2d 472, 475 (Ala.1985); Dove v. City of Montgomery, 452 So.2d 1382, 1384 (Ala.Cr.App.1984); Fowler v. State, 440 So.2d 1195, 1198 (Ala.Cr.App.), cert. denied (Ala.1983).
“Furthermore, in Dickerson we made clear the standards to be applied when reviewing a challenge to a statute on the basis of article IV, § 45.
“ ‘Section 45 is not to be exaetingly enforced in such a manner as to cripple legislation or to be enforced with hypercritical exactness, but is to be accorded a liberal interpretation. B.F. Goodrich Company v. Butler, 56 Ala.App. 635, 324 So.2d 776, cert. denied, 295 Ala. 401, 324 So.2d 788 (1975).
“ ‘The test in determining the constitutionality of an act under § 45 is “whether the title of the act is so misleading and uncertain that the average legislator or person reading the same would not be informed of the purpose of the enactment.” Alabama Education Association v. Grayson, supra at page 505.’
“Section 45 in no way requires the inclusion of already existing statutes in a new act, where the new act refers to the pre-existing statute by code section only, unless the mentioned statutes are being ‘revived, amended, extended or conferred.’ In the act at issue, Act 87-612, the collateral statutes mentioned in the act merely define a term or make reference to possible defenses.
“In 1895, the Alabama Supreme Court addressed a very similar issue and stated:
“ ‘It was never intended by the constitution that every law which would affect some previous statute of variant provisions on the same subject should set out the statute or statutes so affected at full length.... Reference is made to such laws, not to affect or qualify the substance of the legislation or vary the terms of the act, but merely for the formal execution of the law. The evil in view in adopting this provision of the constitution was the incorporating into acts of the legislature, by reference to other statutes, of clauses and provisions of which the legislators might be ignorant, and which, affecting public or private interests in a manner and to an extent not disclosed upon the face of the act, a bill might become a law which would not receive the sanction of the legislature if fully understood.’
“State ex rel. Bragg v. Rogers, 107 Ala. 444, 19 So. 909, 912 (1895) (also includes a brief history of the original version of § 45 in the 1861 Constitution and the minor variations in the 1865 and 1868 Constitutions).
“More recently, our Supreme Court stated:
“ ‘It is well established, therefore, by decisions of this court, that if the law in itself is complete and intelligible and original in form, it does not fall within the meaning and spirit of section 45 of the Constitution, although resort in the execution of its provisions must be had to independent sources, including other statutes, or records of commissions or boards. Cases supra.’
“Boyd v. Edwards, 284 Ala. 459, 225 So.2d 863, 865 (1969).
*643 “Thus, we determine that the reference to collateral statutes in Act 87-612 does not violate the spirit or the rule of article IV, § 45, of our constitution.”
Section 16-28-8, Ala.Code 1975, specifies which children are required by law to attend school. In contrast, § 16-28 — 16(b), Ala.Code 1975, provides that, with certain listed exceptions, each child who is enrolled in a public school, whether or not that child is required by law to enroll, is subject to the attendance and truancy provisions set forth in §§ 16-28-1 through 24, Ala.Code 1975. Therefore, contrary to the juvenile court’s finding, the amendment to § 16-28-16, Ala.Code 1975, did not amend or extend the provisions of § 16-28-3, Ala.Code 1975. Furthermore, when it amended § 16-28-16, Ala.Code 1975, the Legislature complied with the requirements of Section 45 because it reenacted and published at length that entire section. Cf. Opinion of the Justices No. 321, 496 So.2d 6 (Ala.1986). Finally, “ ‘although resort in the execution of its provisions must be had to independent sources, including other statutes,’ ” the references in § 16-28-16, Ala.Code 1975, to other Code sections do not render the section incomplete and unintelligible. See Boyd, supra. For these reasons, the juvenile court erroneously concluded that Act No. 99-705 violates Article IV, § 45, of the Constitution of Alabama of 1901 and erroneously dismissed the petition against the appellee. Accordingly, we reverse the juvenile court’s judgment and remand this case to the juvenile court for further proceedings.
REVERSED AND REMANDED.
McMILLAN, P.J., and SHAW and WISE, JJ., concur; COBB, J., concurs in the result.