BASCHAB, Judge.
The State appeals from an order in which the Calhoun Juvenile Court declared § 16—28—16(b), Ala.Code 1975, unconstitutional. A child in need of supervision petition, see § 12-15-1(4), Ala.Code 1975, was filed against the appellee based on a charge of truancy for violating the compulsory school attendance law. See §§ 16-28-1 through -24, Ala.Code 1975. The appellee filed a motion to dismiss the petition, arguing that Act No. 99-705, 1999 Ala. Acts, is unconstitutional. After the State responded and after it conducted a hearing, the juvenile court declared § 16-28—16(b), Ala.Code 1975, unconstitutional and dismissed the petition. The juvenile court’s order stated, in pertinent part:
“This matter came before the Court pursuant to a juvenile petition alleging that the above named juvenile is a Child in Need of Supervision (CHINS) for violation of § 26-28-3, Code of Alabama, and the juvenile’s motion to dismiss attacking the constitutionality of § 16-28-16(b), Code of Alabama, as it relates to § 16-28-3, Code of Alabama, 1975....
[[Image here]]
“The juvenile argues that Act 99-705 as codified at § 16—28—16(b), Code of Alabama, impermissibly extends and amends § 16-28-3, Code of Alabama, to include minors both below and above the age of mandatory attendance in violation of Article IV, Section 45, Constitution of Alabama, (1901).
“ § 16-28-3, Code of Alabama, states in part that, ‘... every child between *1288 the ages of 7 and 16 shall be required to attend ..There is no requirement for attendance before age 7 or after age 16 years of age, nor any requirements for compliance with attendance laws if enrolled after age 16 or before age 7.
“ § 16-28-16(a), Code of Alabama, sets for the requirements for the super-intendentes) of education for ensuring that children subject to § 16-28-3, Code of Alabama, are in school and the procedure for same. Prior to the enactment of Act 99-705, there was no ‘b’ part to the statute. In 1999, Act 99-705 was enacted amending § 16-28-16, Code of Alabama, and adding a provision ‘b’ in part that, ‘... any child enrolled in public school shall be subject to the attendance and truancy provisions of this article ...’
“Article IV, Section 45, Constitution of Alabania, requires in part that, ‘... each law shall contain but one subject ... and shall be published at length.’ Therefore, the amending of § 16-28-16, Code of Alabama, a procedural statute, cannot satisfy the one subject test when in effect it is amending § 16-28-3, Code of Alabama, the mandatory attendance statute.
“It is hereby ORDERED, ADJUDGED and DECREED as follows:
“A. That § 16 — 28—16(b), Code of Alabama, is hereby declared unconstitutional.
“B. The instant petition is dismissed.”
(C.R. 23-24.) The State appealed.
The State argues that the juvenile court erroneously concluded that § 16 — 28—16(b), Ala.Code 1975, as amended by Act No. 99-705, 1999 Ala. Acts, violates Article IV, § 45, of the Constitution of Alabama of 1901. We agree. On the authority of State v. L.N.A., 811 So.2d 637 (Ala.Crim.App.2001), we reverse the juvenile court’s judgment and remand this case to the juvenile court for further proceedings.
REVERSED AND REMANDED.
McMILLAN, P.J„ and COBB, SHAW, and WISE, JJ., concur.