The employee, Horace Clayton Sims, filed a claim against his employer pursuant to the Workmen's Compensation Act, Ala. Code 1975, § 25-5-1 et seq. (1986 Repl. Vol.). The employee contended that he contracted an occupational disease or occupational pneumoconiosis while employed by the employer and was, therefore, entitled to benefits.
The employer filed a motion to dismiss, contending that the employee's claim was barred by the one-year statute of limitations, specifically § 25-5-117 and § 25-5-147. At the close of all the evidence, the trial court granted the employer's motion to dismiss, finding that the employee's claim was time barred. Specifically, the trial court found that the one-year statute of limitations, as set out in § 25-5-117 and § 25-5-147, was the applicable time period in which to file a claim for an occupational disease or occupational pneumoconiosis.
The employee appeals, contending that Acts of Alabama 1984-85, Act No. 85-41, Special Session, January 9, 1985, pp. 44-66, effectively amended the statute of limitations and extended the time to file a workmen's compensation action to two years.
At the outset, we note that our Constitution specifically addresses the question of how an original act of the legislature may be amended. Article IV, Section 45, of the Constitution of 1901 reads as follows:
 "The style of the laws of this state shall be: 'Be it enacted by the legislature of Alabama,' which need not be repeated, but the act shall be divided into sections for convenience, according to substance, and the sections designated merely by figures. Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length." (Emphasis added.)
This provision has been recently interpreted by the Supreme Court of Alabama *Page 1079 
in Opinion of the Justices No. 321, 496 So.2d 6 (Ala. 1986). There, the Supreme Court held that, according to the mandates of Section 45, those parts of an original act of the legislature which are to be amended shall be re-enacted or published at length. "The amendatory act must be complete in form and not just parts of sections and subsections sought to be amended." Opinion of the Justices, supra, at 8.
Here, it appears from a review of the preamble to Act No. 85-41 that the legislature may have intended to amend the statute of limitations in all workmen's compensation cases to two years. However, it clearly did not follow the mandates of Article IV, Section 45, of the Constitution. Section 25-5-117
and § 25-5-147 were not published in the amendatory bill. In fact, we find no reference of any kind to these specific Code sections in Act No. 85-41.
In view of the above, we find that Act No. 85-41 did not amend § 25-5-117 or § 25-5-147 and that the statute of limitations under these sections is still one year. Therefore, the trial court did not err in granting the employer's motion to dismiss.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.