This appeal arises out of a case involving an on-the-job accident that occurred at Alabama Power Company's steam plant in Wilsonville, Alabama. At issue is the validity of Act 85-41, Acts of Ala. 1985, which extensively amended and added to Alabama's Workmen's Compensation Act and created a qualified immunity for all co-employees.[1] *Page 346 
The trial court held that the decision of the Alabama Court of Civil Appeals in Sims v. Union Underwear Co., 551 So.2d 1078
(Ala.Civ.App. 1989), had invalidated a provision of the Act, and, thus, that the Act's nonseverability provision required the court to invalidate the entire Act. We reverse and remand.
On May 1, 1991, Richard Douglas Lowe and his wife Connie sued Grove Manufacturing Company and Cowin Equipment Company, Inc., for damages based on injuries they claimed Lowe had suffered as a result of an on-the-job accident involving the extension of a boom on a Grove Manufacturing crane. Over a year later, Lowe amended his complaint by adding 10 Alabama Power Company co-employees as defendants. He alleged that these individuals had failed to properly instruct him in the operation of the Grove Manufacturing crane and in so failing had been "guilty of negligence and wantonness." Lowe did not allege that any of these co-employees had willfully or intentionally caused his injuries.
On June 4, 1992, the co-employees filed a Rule 12(b)(6), A.R.Civ.P., motion to dismiss on the grounds that Lowe's complaint failed to state a claim on which relief could be granted. Their motion was based upon the qualified immunity provisions of Act 85-41, now codified as §§ 25-5-11 and -53, Ala. Code 1975 (1986 Repl.Vol.). Under these provisions, injured employees may proceed against co-employees "only for willful conduct which results in or proximately causes the injury or death." § 25-5-11. "The immunity from civil liability for all causes of action except those based on willful conduct shall . . . extend . . . to any employee of the same employer." §25-5-53. See: Reed v. Brunson, 527 So.2d 102 (Ala. 1988);Hutchins v. Huntley, 595 So.2d 886 (Ala. 1992).
On June 22, 1992, the trial court heard oral argument on the co-employees' motion to dismiss. Seven days later, the trial court denied the motion and entered an order expressly holding Act No. 85-41 invalid in its entirety. At the request of the co-employees, the trial judge entered an order pursuant to Rule 5, A.R.App.P., permitting them to seek an immediate appeal. This Court granted the co-employees' petition to appeal, and this appeal followed.
The trial judge set forth his reasons for holding Act 85-41 invalid:
 "These defendants are co-employees of the Plaintiff, Richard Douglas Lowe. Their motion is based on the 'willfulness' provision of Ala. Code § 25-5-11, as amended by Acts of Alabama 1984-85, Act 85-41, effective January 9, 1985. Plaintiffs respond that Act 85-41 is invalid. After review of the parties' argument, this Court finds that Act 85-41 is INVALID; therefore, these Defendants' motion to dismiss is DENIED.
 "Unlike the vast majority of statutes, Act 85-41 does not contain a severability clause. In fact, Section 13 provides:
 " 'The provisions of this act are expressly declared not to be severable. If any provision of this act shall be adjudged to be invalid by any court of competent jurisdiction, then this entire act shall be invalid and held for naught. [Codified at Ala. Code § 25-5-17.]'
 "Whatever the legal wisdom or political objective of the non-severability clause might have been, its inclusion is what requires the entire act to be declared void. Note that § 13 does not require any finding of 'unconstitutionality,' just that 'any provision of this Act . . . be adjudged to be invalid.' " (Emphasis added [by the trial judge].) Black's Law Dictionary 739 (5th ed. 1979) defines 'invalid' as follows: 'Vain; inadequate to its purpose; not of binding force or legal efficacy; lacking in authority or obligation.'
 "This Court finds that the Court of Civil Appeals (a 'court of competent jurisdiction') 'adjudged' a 'provision' of 85-41 to be 'invalid' in Sims v. Union Underwear Co., 551 So.2d 1078
(Ala.Civ.App. 1989). Therefore, by operation of Section 13, all of Act 85-41 is 'invalid and held for naught.' Thus, under the pre-1985 state of the law, these Plaintiffs may pursue this 'co-employee' action based on theories of negligence and/or wantonness; and are not confined to *Page 347 
'willfulness,' as defined in Act 85-41 (amending § 25-5-11).
" 'Section 12 of Act 85-41 provides:
 " 'The provisions of this act shall be applicable to Articles 4, 5, 6, and 7 of Chapter 5 of Title 25 of the Code of Alabama 1975, with respect to compensation for occupational diseases generally, occupational pneumoconiosis generally, pneumoconiosis of coal miners, and occupational exposure to radiation. [Codified at Alabama Code § 25-5-16.]' "Although the validity of the entire act was not at issue in Sims, the logical effect of Sims is to render all of Section 12 'invalid.' Because Sims holds that [Act] 85-41 failed to effect a change in the statutes of limitations for occupational diseases, there is no field of operation left for Section 12. That is, [Act] 85-41 does not amend anything in Articles 4, 5, 6, and 7 of Chapter 5 of Title 25 [Ala. Code §§ 25-5-110 to -203], even though it is very clear that part of the purpose or intent of Act 85-41 was to extend the statute of limitations for occupational disease. Thus, Section 12 has been 'adjudged to be invalid,' within the meaning of Section 13."
We can not agree with the reasoning of the trial court that because § 12 incorporates, by reference, Articles 4 through 7 with respect to compensation for occupational diseases, this invalidates the section under Sims, triggering the Act's nonseverability provision and, thus, invalidating the entire Act. The trial court's holding is based upon the erroneous assumptions 1) that Sims held a provision of the Act invalid; 2) that the Legislature intended to extend the statute of limitations for occupational diseases; 3) that § 12 of the Act is subject to the requirements of § 45 of the Alabama Constitution; and 4) that § 12 of the Act has no "field of operation."
First, the trial court erred in assuming that Sims held § 12 of the Act to be invalid. The Court of Civil Appeals was asked in Sims to determine the appropriate statute of limitations under §§ 25-5-117 and -147. The trial court in Sims had granted the employer's motion to dismiss a worker's claim, because it had been filed more than one year after the worker allegedly contracted his occupational disease. The worker appealed, contending that Act 85-41 extended the statute of limitations to two years.
Justice Ingram, then a judge on the Court of Civil Appeals, began his analysis by citing Article IV, § 45, of the Constitution of 1901, which requires the Legislature to re-enact, and publish at length, the laws it amends. After reviewing Act 85-41 and its preamble, Justice Ingram noted that it was uncertain whether the Legislature intended to amend the statute of limitations, but because those sections were neither re-enacted, nor published at length, they were therefore not amended. He concluded that Act 85-41 did not amend §§ 25-5-117
and -147, and that the statute of limitations under these sections remained one year. Sims at 1079. Thus, the Court of Civil Appeals did not hold any provision of the Act "invalid" in Sims. Rather, that court held that the statute of limitations found in §§ 25-5-117 and -147 were not amended by the Act. Id. Thus, the statutory period during which a claim based upon occupational disease may be made remained one year.
Second, the trial court erred in reasoning that the Legislature intended to amend the statute of limitations for occupational diseases. The trial judge based his reasoning on the preamble of the Act, which ambiguously reads "An Act . . . to provide for a two-year limitation period for claims or actions for compensation under Title 25, Chapter 5, Code of Alabama 1975." As Justice Ingram noted in Sims, it is difficult to tell from the Act and its preamble whether the Legislature intended to amend these sections. However, it is clear that the body of Act 85-41 only extends the statutory limitations period relating to occupational injuries by amending and re-enacting §25-5-80 (Act 85-41, § 9).
Third, the trial court erred in its assumption that § 12 of Act 85-41 was an attempt by the Legislature to amend the statute of limitations found in Articles 4, 5, 6, and 7. It erroneously concluded, because § 12 did not re-enact and publish at length the statute of limitations found in these other articles, that § 12 was invalid by virtue of *Page 348 
Article IV, § 45, Constitution of 1901 ("no law shall be . . . amended . . . by reference to its title only; but so much thereof as is . . . amended . . . shall be re-enacted and published at length"). However, § 12 is not amendatory in character. It is clear that the purpose of § 12 was as a "reference" statute to incorporate by reference various laws so as to have a comprehensive scheme of legislation without re-enacting the entire Code. We have repeatedly endorsed the use of reference statutes. Thomas v. Alabama Mun. Elec. Auth.,432 So.2d 470, 475-76 (Ala. 1983); Carruba v. Meeks, 274 Ala. 714,716-17, 150 So.2d 195, 197 (1963); Opinion of theJustices, No. 167, 270 Ala. 38, 41, 115 So.2d 464, 467 (1959);Opinion of the Justices, No. 138, 262 Ala. 345, 349,81 So.2d 277, 281 (1955).
Finally, the trial court erred in holding that § 12 has "no field of operation." It misconstrued and misinterpreted the purpose and intent behind § 12. It was not, as the trial court reasoned, to amend anything in Articles 4 through 7. Rather than restating in Articles 4 through 7 the general application provisions, such as the benefit schedules, the Legislature elected to incorporate these general provisions by reference in the 1985 Act, making it clear that the increased compensation benefits effected by Act 85-41 applied also to Articles 4, 5, 6 and 7.
For the reasons stated above, we hold that the trial court erred in holding Act 85-41 invalid and in failing to dismiss the suit against the co-employees. The order holding Act 85-41 invalid and denying the motion to dismiss is, therefore, reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] The constitutionality of Act 85-41, particularly with respect to co-employee immunity, has been examined in detail by this Court in Reed v. Brunson, 527 So.2d 102 (Ala. 1988). The holding of constitutionality has been reaffirmed in Rudolph v. Gwin,526 So.2d 581 (Ala. 1988).