The issue presented by this appeal (whether the holding inSims v. Union Underwear Co., 551 So.2d 1078
(Ala.Civ.App. 1989), triggered the application of the nonseverability section of Act 85-41, Acts of Ala. 1984-85, and thus invalidated the entire amendatory act) was recently resolved in Jones v.Lowe, 611 So.2d 345 (Ala. 1992).
In Sims, the plaintiff Sims filed a worker's compensation claim, alleging injury by occupational disease; the claim was filed more than one year after, but within two years of, the date of the injury. Sims contended that the one-year statutory limitations period prescribed by Ala. Code 1975, §§ 25-5-117 and -147, had been effectively extended to two years by Act 85-41. It is without dispute that the amendatory act did so extend the period of limitations applicable to Article 3 injuries (§25-5-80) and that § 12 of the amendatory act states that "the provisions of this act shall be applicable to [the occupational disease articles]."
The defendant employer in Sims contended that any legislative attempt in Act 85-41 to extend the period of limitations for occupational diseases from one year to two years violated Ala. Const. 1901, § 45. The trial court granted the employer's motion to dismiss. The Court of Civil Appeals agreed, holding that the application of § 12 of Act 85-41 to engraft the two-year period of limitations in amended § 25-5-80 onto §§ 25-5-117 and -147 would violate the prohibition of § 45, which proscribes amendments to existing legislation by mere reference to its title.
In Jones v. Lowe, supra, the plaintiff Lowe brought a third-party action against a fellow employee. Citing Sims, Lowe contended that the prohibition against such a cause of action (§ 25-5-53, as amended by Act 85-41) was invalidated by the nonseverability clause of the amendatory act (§ 13 of Act 85-41). This Court rejected the contention that the holding inSims invoked the application of the nonseverability clause, and declared that the prohibition against fellow-servant actions, as proscribed by Act 85-41, was valid.
The Jones Court held that Sims did not declare § 12 of the amendatory act invalid; instead, it construed the Sims holding as simply rejecting the plaintiff's contention that § 12 of the amendatory act should be applied to effectively amend §§25-5-117 and -147 by mere reference to their titles, *Page 1266 
because the amendatory process, as suggested by the plaintiff, is constitutionally impermissible. The Jones Court recognized a material distinction between a declaration of unconstitutionalapplication of a statute (as in Sims) and a holding declaring the statute itself unconstitutional. Thus, while the latter would invoke the application of a nonseverability clause, the former would not.
The plaintiff in this case brought an action pursuant to § 25-5-11.1 (§ 11 of Act 85-41), claiming retaliatory discharge from her employment because she had "instituted or maintained [an] action against [her] employer to recover workers' compensation benefits." As one of the grounds for its motion for summary judgment, the defendant/employer, Big B, Inc., challenged the validity of § 25-5-11.1, contending that the holding in Sims invoked the application of the nonseverability clause in Act 85-41 and, thus, invalidated the entire amendatory act, including § 11, the section on which this plaintiff based her claim. The trial court agreed and granted Big B's motion for summary judgment.
After the trial court entered the summary judgment in this case and while the appeal was pending, this Court released its opinion in Jones. After carefully reconsidering Jones, we reaffirm our holding in that case. Accordingly, we hold that the trial court in this case erred in entering the summary judgment on the ground that the entire amendatory act (Act 85-41) is invalid.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and STEAGALL, JJ., concur.